TRINITY UNIVERSAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* PHILIP O'CONNOR, Director of Insurance, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 82—1360

Opinion filed March 28, 1983.

Epton, Mullin, Segal & Druth, Ltd., of Chicago (Roger A. Bixby and William G. Potratz, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

Trinity Universal Insurance Company (plaintiff), an insurance company organized under the laws of Texas and authorized to do business in Illinois, brought this action against Philip O'Connor, Director of Insurance of the State of Illinois and the Department of Insurance of the State of Illinois (defendants), for declaratory judgment and for administrative review of a decision of said Department of Insurance

(Department).

The trial court dismissed the administrative review proceedings without prejudice. Plaintiff then made a motion for summary judgment on the remaining issues concerning a tax refund requested by plaintiff. The defendants also made a motion for summary judgment. The trial court entered an order allowing the defendants' motion for summary judgment and denying plaintiff's motion. The trial judge filed a memorandum of decision in support of his ruling. Plaintiff has appealed.

We find no factual issue here. Determination of the rights of the parties rests upon an issue of law. The State of Illinois imposes a privilege tax upon foreign or alien insurance companies conducting business in Illinois. (Ill. Rev. Stat. 1981, ch. 73, par. 1021.) This privilege tax, equal to 2% of the net taxable premium income, is to be paid "to the Director for the State treasury *** together with any amounts due under Section 444." With certain exceptions, the gross taxable premium income was defined as "the gross amount of premiums received on direct business during the preceding calendar year on contracts covering risks in this State ***."

During the time pertinent here, the statute, section 409 of the Illinois Insurance Code, provided:

> "There shall be deducted from the tax thus computed the amount, if any, paid during the preceding calendar year: *** as a tax to this State *** measured by net income, *** as the remainder shall be paid by such company as its annual privilege tax." Ill. Rev. Stat. 1977, ch. 73, par. 1021(2).

In addition to this privilege tax, the State of Illinois has also levied a tax referred to as "Retaliation." (Ill. Rev. Stat. 1981, ch. 73, par. 1056.) This retaliation tax provides that where any other State or country requires an Illinois corporation to comply with "more onerous or burdensome" restrictions than the rules and regulations imposed by Illinois on foreign corporations, the State of Illinois may require foreign insurance corporations doing business in Illinois "to make deposits, pay penalties, fees, charges and taxes, in amounts equal to those required in the aggregate for like purposes of Illinois companies doing business in such state or country ***."

The State of Texas levies a premium tax on all Illinois insurance companies doing business in Texas. This tax is equivalent to 3.85% of the gross premium receipts of said insurance company. (Tex. Tax Code Ann., tit. 122, art. 7064 (Vernon 1979), now Tex. Ins. Code Ann., art. 4.10 (Vernon 1982).) For the year 1977, Illinois charged plaintiff a retaliatory tax also calculated at the same rate of 3.85% of insurance

premiums. Plaintiff sought to offset against this retaliatory tax the payments made by plaintiff under the Illinois income tax, as plaintiff did in the calculation of the privilege tax. The result would be a credit to plaintiff of $17,058.23, which plaintiff presently claims should be refunded as an overpayment of its 1977 Illinois taxes.

In this court plaintiff contends that section 409 of the Code (Ill. Rev. Stat. 1977, ch. 73, par. 1021), pertaining to the privilege tax, is to be construed together with section 444 (Ill. Rev. Stat. 1977, ch. 73, par. 444), creating the retaliatory tax; that the only reasonable construction which can be given to section 409, pertaining to the privilege tax, is that the retaliatory tax payments should be offset against income tax as in the case of the privilege tax. On the contrary, defendants contend that the deduction provided by section 409 of the Code permits plaintiff to offset income tax against the privilege tax but not against the retaliatory tax.

Plaintiff's first contention rests upon the language of section 409 which deals with the privilege tax. Plaintiff points out the statement that the insurance company shall pay for the privilege of doing business in Illinois as "tax equal to 2 per cent of the net taxable premium income, together with any amounts due under Section 444." (Ill. Rev. Stat. 1981, ch. 73, par. 1021(1).) Plaintiff construes this language as to amounts due as requiring that the retaliatory tax be treated precisely as the privilege tax so as to permit an additional set off against income taxes.

We cannot agree that the words "together with any amounts due under Section 444" (Ill. Rev. Stat. 1981, ch. 73, par. 1021(1)) permit elimination of the retaliatory tax by offset against income taxes. If the legislature wished to give foreign insurance companies credit for the amount of retaliatory taxes paid, the legislature could easily have expressed a precise direction establishing the allowing of such credit.

■ In fact, a careful reading of section 409 demonstrates that the legislature did no such thing. The statute simply requires the privilege tax to be paid together with any amounts due under section 444 for the retaliatory tax. A direction that the privilege tax be paid "together with" amounts due for the retaliation tax is simply a reiteration of the requirement for payment of the retaliatory tax. It is far from constituting permission to eliminate the retaliatory tax as a credit by offset against income tax payments. Actually, if the retaliatory tax, which has no relationship either legal or factual to the privilege tax, were to be reduced or eliminated by a credit or set off, the entire purpose of the retaliation would be destroyed. If we were to reach this conclusion we would in effect be undermining and virtually

eliminating the retaliatory tax. This would be an absurd consequence certainly not contemplated by the legislature. *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 493, 389 N.E.2d 540; *Airdo v. Village of Westchester ex rel. Clark* (1981), 95 Ill. App. 3d 568, 570, 420 N.E.2d 472.

We have above considered the language of section 409(2) of the Insurance Code as it existed in 1977, which is the tax year involved in this appeal. In 1979, the legislature amended this section by inserting the words "but only to the extent thereof." Thus, section 409(2) of the Code presently reads (Ill. Rev. Stat. 1981, ch. 73, par. 1021(2), as amended by Pub. Act 81—603, sec. 1, eff. Jan. 1, 1980):

"There shall be deducted from the tax thus computed, but only to the extent thereof, the amount, if any, paid during the preceding calendar year \*\*\*."

This addition in effect limits the amount to be offset from income tax and would effectively prevent an additional deduction of any retaliatory taxes paid. The Act as thus amended retained all of the previous language and simply added "but only to the extent thereof." This leads to the presumption that the legislature intended to adopt the prior meaning given to the statute before amendment. *Hupp v. Gray* (1978), 73 Ill. 2d 78, 85-86, 382 N.E.2d 1211.

Plaintiff cites *Pacific Mutual Life Insurance Co. v. Gerber* (1961), 22 Ill. 2d 196, 197, 174 N.E.2d 862, as authority for the statement that the retaliatory tax is really characterized as a privilege tax. We do not agree with that interpretation of the cited case. In fact, the plaintiff insurance company there paid personal property taxes in two Illinois counties and raised the claim that section 444 of the Insurance Code, creating the retaliation, should be set off or reduced by the amount of personal property taxes paid by plaintiff. However, the supreme court denied this contention of the plaintiff and held that the deduction of personal property taxes was not permitted by the statute creating retaliation as it existed before 1979.

In this regard, it is correct as defendants point out that "the experience of an administrative agency in matters interpretive of the law under which it operates, although not controlling, may be considered and brought to bear upon the ultimate decision to be reached." (*Heerey v. Zoning Board of Appeals* (1980), 82 Ill. App. 3d 1088, 1093-94, 403 N.E.2d 617.) The practice of the agency here to reject this type of setoff should have some significance.

■ This court has held that the retaliatory statute is a penal enactment so that it must be narrowly construed. The purpose of the

tax is simply to promote the interstate business of domestic insurance companies and thus attempt to prevent other States from handicapping Illinois domestic companies with excessive taxes. (*Minnesota Mutual Life Insurance Co. v. O'Connor* (1981), 98 Ill. App. 3d 1040, 1042-43, 425 N.E.2d 38, citing *Western & Southern Life Insurance Co. v. State Board of Equalization* (1981), 451 U.S. 648, 668-70, 68 L. Ed. 2d 514, 531, 101 S. Ct. 2070, 2083.) Permitting reduction or elimination of the retaliation as urged by plaintiff would be directly contrary to this legislative purpose.

■ It is also correct, as defendants urge, that the allowance of a tax deduction by the sovereign is actually a matter "of legislative grace and that the taxpayer must establish compliance with the statutory conditions imposed." (*Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 509, 410 N.E.2d 828; see also *United Air Lines, Inc. v. Johnson* (1981), 84 Ill. 2d 446, 455, 419 N.E.2d 899.) In the case before us there is no word or hint in the retaliation section (Ill. Rev. Stat. 1981, ch. 73, par. 1056) that the legislature intended to create a set off or deduction of any kind against the full payment of the retaliation as stated.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and McGLOON, J., concur.