PAT AIRDO, Plaintiff-Appellee, *v.* THE VILLAGE OF WESTCHESTER *ex rel.* WILLIAM J. CLARK, Fire Chief, *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 80-790

Opinion filed April 7, 1981.

Robert J. Di Leonardi and John C. Broihier, both of Rolling Meadows (Di Leonardi & Associates, Ltd., of counsel), for appellants.

Andrew J. Creighton, of Chicago (Fields & Fields, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This appeal is concerned solely with an interpretation of a provision of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 1—1—1 *et seq.*) which deals with disciplinary action taken against members of municipal fire departments (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17). The case involves judicial review of an administrative board's disciplinary decision. The only issue for our consideration is whether the word "days" as utilized in the statute should be interpreted to mean "consecutive calendar days," as found by the circuit court, or "duty days," as found by the administrative body.

The facts need only brief mention. Plaintiff was employed as a lieutenant in the Village of Westchester Fire Department. On May 17, 1979, plaintiff left his post at the scheduled quitting time, although his relief man had not yet appeared. This was contrary to department policy,

was reported by the shift commander, and eventually led to the imposition of a 5-day suspension by defendant fire chief.[1]

Plaintiff appealed the suspension to the village's Board of Fire and Police Commissioners (the Board), as provided by statute (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17). After taking testimony, the Board approved the 5-day suspension and added an additional suspension of "25 duty days." When the fire chief imposed this additional term, plaintiff was scheduled to work a 24-hour-on, 48-hour-off shift. The suspension given by the chief involved 25 separate 24-hour "duty days," and as a result plaintiff was not paid from August 11 to October 24, 1979.

Plaintiff then filed a complaint in the circuit court of Cook County, arguing among other things that this suspension was, in effect, one for 75 work days due to the nature of his work schedule. The circuit court agreed, and while it generally affirmed the validity of the suspension itself, it read the word "days" in the statute to mean consecutive calendar days. It therefore ordered plaintiff's suspension to be reduced to comport with this interpretation. From this holding, the Board appeals.

The Board contends that the statutory provision involved here must be interpreted such that "days" means scheduled work days, or "duty days," and that plaintiff should therefore receive a suspension of 25 individual 24-hour scheduled work days.

■■ We find the Board's interpretation to be contrary to accepted principles of statutory construction as well as to common sense. On its face, the provision in question merely uses the term "days" in describing the length of possible suspension periods. In the absence of any differing indication, words of a statute are to be given their plain, ordinary and common meaning. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194, 381 N.E.2d 222.) Thus, this principle counsels for the interpretation made by the circuit court. Additionally, we note that the statute also states that a hearing on charges raised shall be commenced "within 30 days" of their filing. Certainly, the legislature did not intend that the hearing be held within 30 "duty days"; rather, the intent obviously is that it be held within 30 calendar days. When the same word appears in different segments of the same statute, it will ordinarily be given a consistent meaning. (*People v. Lutz* (1978), 73 Ill. 2d 204, 212, 383 N.E.2d 171.) In keeping with this principle, we must read the word "days" throughout the section to mean consecutive calendar days.

■■ The reading proposed by the Board also fails to comply with principles of reasonableness and fairness. Should the Board's interpre-

---

[1] At the time of the initial suspension, plaintiff was scheduled to work a normal Monday-Friday, 9½-hour-per-day shift.

tation be accepted, the degree of punishment meted out to two suspended parties could vary in relation to the type of work schedules maintained by them, although the suspension terms were equivalent in the number of "days." Just such a result occurs here. Plaintiff works a 24-hour-on, 48-hour-off schedule. The Board proposes to suspend him for one "day" for each 24-hour work period. Yet, had plaintiff remained on the 9½ hour per day, 5-day per week schedule which he held at the time of the initial 5-day suspension, each "day" of the additional 25-day suspension would have involved only one-third as much time, and presumably one-third as much pay as actually resulted. The legislature is presumed not to intend unjust, absurd, or unreasonable consequences in enacting legislation. (*Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 561, 224 N.E.2d 236, *cert. denied* (1967), 389 U.S. 848, 19 L. Ed. 2d 117, 88 S. Ct. 75.) The Board's interpretation would result in such consequences. We therefore decline to accept it.

The Board cites *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793, in support of its position.[2] We have examined the supreme court's decision there and do not believe that its language can reasonably be read to direct acceptance of the Board's argument.

Therefore, we affirm the finding of the circuit court of Cook County that the term "days" in the subject statutory provision means consecutive calendar days. Plaintiff should therefore have been suspended for no greater period than August 11 through and including September 4, 1979.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concur.

---

[2] The Board also cites *Schampier v. Office of General Services* (Sup. Ct. 1979), 99 Misc. 2d 1049, 417 N.Y.S.2d 829, in support of its contention. We would merely note, though the Board has failed to do so, that this decision was reversed on appeal and the statute under scrutiny there was interpreted consistent with our holding in this case. *Schampier v. Office of General Services* (1980), 73 App. Div. 2d 1011, 424 N.Y.S. 2d 57.