(No. 57878.—

EDWARD J. BORG, Appellee v. THE VILLAGE OF SCHILLER PARK POLICE PENSION BOARD *et al.*, Appellants.

*Opinion filed January 20, 1984.*

Jerome F. Crotty and Jon A. Duncan, of Rieck & Crotty, P.C., of Chicago, for appellants.

Richard L. Manning and Tym J. Kerr, of Crowley, Fuller & Manning, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

This appeal involves the divestiture of police pension benefits upon conviction of a service-related felony. On April 7, 1981, the plaintiff, Edward J. Borg, the chief of police of the village of Schiller Park, submitted a letter of resignation to the village and made application for pension benefits to the defendant, the village of Schiller Park police pension board (the Board). The Board denied the application for pension benefits on the ground that the plaintiff had pleaded guilty on April 8, 1981, in the United States District Court at Chicago, to an indictment charging extortion. It is agreed that the crime, a felony, was related to his service as a police officer. The Board also denied Borg a refund of the money he had contributed during his service to the pension fund. The circuit court of Cook County upheld the Board's denial of the application for pension benefits but reversed the denial of the refund. The appellate court, however, held that Borg was entitled to pension benefits, which made the question of a refund moot. (111 Ill. App. 3d 653). We granted the Board's petition for leave to appeal under Rule 315 (87 Ill. 2d R. 315).

The plaintiff began service as a Schiller Park police officer on August 18, 1952, and was appointed chief of police on August 17, 1953. The village of Schiller Park adopted the provisions of the Fire and Police Commissioners Act on April 16, 1957, which resulted in the es-

tablishment of a police pension fund on August 20, 1959. The plan, which became operational in April 1961, provided for contributions of 7% of an officer's annual salary. Borg began contributing to the plan in April 1961 and, through supplemental contributions in January 1975, made his entitlement to benefits in the fund retroactive to August 20, 1959. His total contribution to the plan was $24,197.62.

As stated, on April 7, 1981, Borg resigned from the Schiller Park police department and, after applying to the Board for pension benefits, pleaded guilty on April 8, 1981, to an indictment charging extortion under 18 U.S.C. sec. 1951 (1982). The Board denied Borg's application for pension benefits under the felony divestiture provision of the policemen's pension fund article of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—147).

On June 9, 1981, Borg filed a complaint for administrative review in the circuit court of Cook County, arguing that the relief provision of the felony divestiture section was applicable to his case and that the Board erred in denying pension benefits. On December 7, 1981, the circuit court affirmed the Board's denial of benefits, principally on the authority of *Kerner v. State Employees' Retirement System* (1977), 53 Ill. App. 3d 747, *aff'd* (1978), 72 Ill. 2d 507. Thereafter, Borg applied for a refund of his contributions to the pension fund and the Board also denied that application. On a petition to review the refund denial, however, the circuit court ordered payment of the refund.

The appellate court reversed the denial of pension benefits and declared the question of a refund to be moot. The court held that the language "future entrant entering service," appearing in the statute involved, referred to the commencement of employment as an officer and not to entrance into the pension system. Since

Borg entered service before July 11, 1955, which as will be seen, is the effective date of a provision in the statute, the felony divestiture provision was not applicable to him.

The statute provides:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his service as a policeman.

This section shall not operate to impair any contract or vested right heretofore acquired under any law or laws continued in this Article, nor to preclude the right to a refund.

All future entrants entering service subsequent to July 11, 1955 shall be deemed to have consented to the provisions of this section as a condition of coverage." (Ill. Rev. Stat. 1981, ch. 108½, par. 3—147.)

The first paragraph of this section was, of course, the ground of the Board's decision to deny Borg his pension benefits. The plaintiff says that the third paragraph of the section acts as a relief provision, and, when operative, prevents the application of the felony divestiture provision. Borg argues that since he was employed prior to July 11, 1955, *viz.*, August 1952, he was not a "future entrant entering service" when he joined the pension system and therefore did not consent to the provisions of the section as a condition of coverage. The Board argues that Borg "entered service" in the pension plan subsequent to July 11, 1955, and therefore, the felony divestiture provision applied.

We must consider, therefore, the term "future entrants entering service." The issue is whether this language refers to entering the pension system or entering employment. If it is interpreted as the former, the felony divestiture provision would operate to deprive Borg of his pension benefits. If interpreted to mean entering employment, the provision in the third paragraph would operate as a savings clause to prevent forfeiture of benefits.

In *Arnold v. Board of Trustees* (1981), 84 Ill. 2d 57, this court considered statutes identical to the one here, except that the statutes involved Cook County employees and Chicago park district employees (Ill. Rev. Stat. 1977, ch. 108½, pars, 9—235, 12—191). In *Arnold,* the plaintiffs began employment with Cook County and the Chicago park district, and became members of their pension systems prior to the 1955 amendment which added the felony forfeiture provision. The plaintiffs in *Arnold,* too, were convicted of service-related felonies, and their pension benefits were terminated, but the appellate court reinstated the benefits. Referring with approval to the holding in *Shanahan v. Policemen's Annuity & Benefit Fund* (1976), 43 Ill. App. 3d 543, this court, in affirming the appellate court, stated that "it was the intent of the legislature to make the felony-forfeiture provision applicable only to those employees 'entering service after July 11, 1955.' " *Arnold v. Board of Trustees* (1981), 84 Ill. 2d 57, 63.

In *Shanahan,* the plaintiffs became Chicago police officers and participants in their pension system prior to July 11, 1955. The statute in *Shanahan* was identical with the one here, except for an additional paragraph not relevant here. The plaintiffs were convicted of service-related felonies in 1972, and their pension benefits were revoked by the retirement board under the felony forfeiture provision. The trial court affirmed the board, but the appellate court reversed. The court held that since the plaintiffs entered the police force prior to July 11, 1955, the forfeiture provision did not apply. The court stated:

"The fact that [the felony forfeiture section] expressly applies to 'future entrants entering service after July 11, 1955,' impliedly excludes prior entrants from coverage. Where a statute enumerates persons affected, it must be construed as excluding from its effect all those not expressly mentioned. [Citations.] Thus, without any indicators to the contrary, the presumption is that the legislature intended to exclude from coverage those officers

who joined the force prior to July 11, 1955." 43 Ill. App. 3d 543, 547.

The court quoted definitions from other sections of the Code to support its interpretation. It noted (43 Ill. App. 3d 543, 547) that section 5—111 defines " 'future entrant' as '(a) A person employed by a city as a policeman for the first time on or after the effective date ***.' " (Ill. Rev. Stat. 1971, ch. 108½, par. 5—111). Section 5—111 appears in Article 5, which relates to cities over 500,000, but it is reasonable to say the legislature intended a consistent meaning to the same language appearing in different sections of the same statute. (See *People v. Lutz* (1978), 73 Ill. 2d 204, 212; *Chapman v. County of Will* (1973), 55 Ill. 2d 524, 529-30.) The appellate court in this case also referred to section 5—111 in concluding that "future entrant entering service" referred to commencing employment as a member of a police force.

To support their position that "entering service" means entry into a pension plan and as the plaintiff here acquired pension rights after July 11, 1955, his rights can be divested, the defendants cite *Kerner v. State Employees' Retirement System* (1978), 72 Ill. 2d 507. In *Kerner*, the pensioner entered the pension system in 1965. He made payments into the system to make his right to benefits retroactive to January 9, 1961. After his resignation in 1969, Kerner began receiving pension payments, only to have them terminated in July 1973 due to a service-related felony conviction. Interpreting a similar felony divestiture statute, this court affirmed the denial of pension benefits.

In *Kerner*, however, the plaintiff did not "enter service" before 1955. His argument was that as he had begun to receive pension payments his rights "vested" and, therefore, could not be divested under a provision similar to that in the second paragraph of the statute here. The question in *Kerner* was different from the question here. As the appellate court correctly put it:

"Because Kerner had both entered service and acquired pension rights after 1955, there was no need for the court to distinguish between these two events, and its entire discussion is couched in terms of rights rather than in terms of service. *** It is therefore inappropriate in this case to apply the language of *Kerner* as if that case had determined that 'entering service' is synonymous with acquiring pension rights." 111 Ill. App. 3d 653, 656.

The felony divestiture provision in section 3—147 was not applicable to the plaintiff, as he entered police service prior to July 11, 1955.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*