CHRIST HOSPITAL AND MEDICAL CENTER, Plaintiff-Appellant and Cross-Appellee, v. ILLINOIS COMPREHENSIVE HEALTH INSURANCE PLAN, Defendant-Appellee and Cross-Appellant.

First District (2nd Division)   No. 1—97—1154

Opinion filed April 14, 1998.

Tenney & Bentley, of Chicago (Timothy K. Travers, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

This is an appeal and cross-appeal from consolidated declaratory judgment actions filed by the plaintiff-appellant, Christ Hospital & Medical Center (Christ Hospital), against defendant-appellee, the Il-

linois Comprehensive Health Insurance Plan (ICHIP). ICHIP contended that Christ Hospital should have refunded $431,899.56 that ICHIP had paid for services rendered to a patient, Brian Noti, whom ICHIP considered no longer eligible for ICHIP coverage under the Illinois Comprehensive Health Insurance Plan Act (215 ILCS 105/1 *et seq.* (West 1996) (formerly Ill. Rev. Stat. 1989, ch. 73, par. 1301 *et seq.*)) (the Act). ICHIP argued that Brian Noti was no longer eligible for ICHIP coverage because section 7(e)(2) of the Act (Ill. Rev. Stat. 1989, ch. 73, par. 1307(e)(2)) provided that a person was ineligible for ICHIP coverage if that person was a recipient of medical assistance. ICHIP contended that Brian Noti was a recipient of medical assistance from the Illinois Department of Public Aid (the Department). When Christ Hospital denied that any refund was due, ICHIP deducted the disputed amount from amounts due the hospital for services rendered to other patients who were covered by ICHIP. Christ Hospital then attempted to recover $239,743.34 of the amount set off by ICHIP.

Christ Hospital now appeals from a February 21, 1997, order in which the trial court granted ICHIP's motion for summary judgment and, *inter alia*, ordered ICHIP to pay Christ Hospital $239,753.34, the amount owed for services rendered to other patients but also ordered Christ Hospital to pay ICHIP $167,269.54, the amount to be refunded to ICHIP for services rendered to Brian Noti. ICHIP cross-appeals from a December 2, 1994, order in which the trial court granted Christ Hospital's motion for summary judgment and held that "receipt of medical assistance" as used in section 7(e)(2) of the Act (Ill. Rev. Stat. 1989, ch. 73, par. 1307(e)(2)) means payment of medical assistance benefits.

BACKGROUND

Jerome Noti's son, Brian, suffered from severe medical problems. Jerome insured Brian as a dependent under a group health insurance plan issued by Central Life Insurance Company (Central Life) to his employer. The Central Life policy contained a lifetime maximum benefit for any one insured individual of $1 million. Brian was born on June 7, 1988, and developed congestive heart failure shortly after birth. He was hospitalized at Christ Hospital for most of his life. He reached the lifetime maximum benefit under the Central Life policy on or about October 1, 1989.

In anticipation of Brian reaching his lifetime maximum benefit under the Central Life policy, Jerome applied for insurance coverage for Brian from ICHIP on June 1, 1989. ICHIP issued a policy on June 28, 1989, that provided Brian with health insurance with a lifetime maximum benefit of $500,000.

Christ Hospital provided medical services to Brian from October 1, 1989, to May 28, 1990. Christ Hospital billed the Notis $563,671.34 for these services. ICHIP paid Christ Hospital $441,889.56 for services rendered from October 1, 1989, to February 11, 1990. Central Life paid $111,261.78 of the bill.

On January 23, 1990, Jerome applied to the Department for medical assistance for Brian. The Department application queried whether the applicant had received any medical services during the three months prior to the date of the application. Jerome checked "yes" and listed the months of October, November and December 1989. The Department application queried whether the applicant wanted the Department to evaluate eligibility for these bills. Jerome checked "yes" and again listed the months of October, November and December 1989. The Department approved Brian for medical assistance on March 8, 1990, but made his approval retroactive to October 1, 1989.

Thereafter, ICHIP determined that, under the eligibility provision of the Act, section 7(e)(2) (Ill. Rev. Stat. 1989, ch. 73, par. 1307(e)(2)), Brian's eligibility for medical assistance from the Department disqualified him from ICHIP coverage. Section 7(e)(2) provides that a person shall not be eligible for coverage under ICHIP if he or she is a recipient of medical assistance. ICHIP further contended that Brian's policy terminated on October 1, 1989, the date upon which Brian was eligible for medical assistance with the Department. ICHIP sought a refund from Christ Hospital for the $441,899.56 that it had paid the hospital for services rendered to Brian after October 1, 1989, and instructed Christ Hospital to bill the Department for any services provided to Brian after October 1, 1989. Christ Hospital billed the Department for services rendered to Brian from March 1, 1990, to May 28, 1990, and the Department made payments to the hospital for those services. When Christ Hospital did not bill the Department for the services rendered to Brian from October 1989 to March 1990, ICHIP refused to pay Christ Hospital for services rendered to three other ICHIP insureds, Steven McCawley, Gene McPherson and Roger Safranek.

On June 8, 1993, Christ Hospital filed three actions for declaratory and other relief against ICHIP. The hospital sought to recover the sums owed by ICHIP for services provided to Steven McCawley, Gene McPherson and Roger Safranek and alleged that ICHIP withheld these sums in order to offset what ICHIP claimed was an overpayment for services rendered to Brian Noti. The trial court granted a motion by Christ Hospital to consolidate the actions. The circuit court also granted a motion by Christ Hospital to nonsuit the com-

plaint seeking recovery from ICHIP for services provided to Roger Safranek.

On August 23, 1994, Christ Hospital filed a motion for summary judgment on a major issue and argued that Brian Noti's eligibility for medical assistance did not disqualify him from ICHIP coverage under section 7(e)(2) of the Act in effect at the time in 1989, because the Act predicated eligibility upon actual receipt of medical assistance benefits. In response, ICHIP argued that Brian's eligibility for ICHIP coverage ended when he became eligible for medical assistance on October 1, 1989. On December 2, 1994, the trial court granted Christ Hospital's motion and held that "receipt of medical assistance" as used in the Act means payment of medical assistance.

Thereafter, Christ Hospital and ICHIP filed cross-motions for summary judgment concerning the appropriate amount due under the trial court's December 2, 1994, ruling. Christ Hospital contended that ICHIP owed the hospital $191,949.44 for services rendered to Steven McCawley and $47,804.90 for services rendered to Gene McPherson. ICHIP argued that Christ Hospital owed a refund of $167,269.54 for the amount it paid Christ Hospital for services rendered to Brian from December 30, 1989, to February 11, 1990. ICHIP attached to its motion a payment ledger which showed that the Department made payments for services rendered to Brian as early as December 30, 1989. Therefore, ICHIP argued that Brian became ineligible for ICHIP coverage on December 30, 1989, because medical assistance payments were made by the Department on Brian's behalf for services rendered that day. In reply, Christ Hospital argued that Brian Noti was not in receipt of medical assistance benefits on December 30, 1989, because the Department did not pay for those services until January 10, 1991. Christ Hospital further argued that Brian retained his eligibility for ICHIP coverage after December 30, 1989, and until his $500,000 policy limit was exhausted.

On February 21, 1997, the trial court granted ICHIP's motion for summary judgment and ruled that Brian Noti became ineligible for ICHIP coverage on December 30, 1989, because the Department paid for services he received on that day. In addition, the trial court ordered ICHIP to pay Christ Hospital $239,753.34, the amount claimed by Christ Hospital for services rendered to Steven McCawley and Gene McPherson. The trial court also ordered Christ Hospital to pay ICHIP $167,269.54, the amount that ICHIP had paid the hospital for services rendered to Brian Noti between December 30, 1989, and February 11, 1990.

Christ Hospital now appeals from the trial court's order of February 21, 1997. ICHIP cross-appeals from the trial court's order of December 2, 1994.

We affirm both of the trial court's orders.

OPINION

We first address ICHIP's contention that Brian Noti became ineligible for ICHIP coverage on October 1, 1989, because his eligibility for medical assistance from the Department began on that date. We disagree with ICHIP's contention.

■ The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature and that inquiry appropriately begins with the language of the statute. *Illinois Power Co. v. Mahin*, 72 Ill. 2d 189, 194, 381 N.E.2d 222 (1978). When interpreting a statutory provision and attempting to determine the legislature's intent, a court must give the legislative language its plain and ordinary meaning; legislative intent is clear when the language of the provision is plain and unambiguous, and it will be given effect as written without resorting to other aids for construction. *Cella v. Sanitary District Employees' & Trustees' Annuity & Benefit Fund*, 266 Ill. App. 3d 558, 564, 639 N.E.2d 1335 (1994); see also *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83, 630 N.E.2d 820 (1994).

■ Under ICHIP's analysis of section 7(e)(2) of the Act, Brian Noti was a recipient of medical assistance on October 1, 1989, the date that the Department determined that he was entitled to receive medical benefits retroactively. However, we disagree. The record reflects that services provided to Brian Noti on December 30, 1989, were paid for on January 10, 1991. Because of this payment and our analysis of section 7(e)(2) of the Act, we conclude that he was a recipient of medical assistance on December 30, 1989.

Section 7(e)(2) of the Act provided that a person shall not be eligible for coverage under the plan if:

"(2) He or she is a recipient of medical assistance. *** Coverage under the plan shall automatically terminate as of the effective date of receipt of medical assistance if a person becomes eligible to receive medical assistance." Ill. Rev. Stat. 1989, ch. 73, par. 1307(e)(2).

"Medical assistance" is defined in section 2(n) of the Act, which provides:

"1302. Definitions

* * *

n. 'Medical assistance' means health care benefits *provided* under Articles V (Medical Assistance), VI (General Assistance), or VII (Aid to the Medically Indigent) of The Illinois Public Aid Code." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 73, par. 1302(n).

Our conclusion that receipt of medical assistance under section 7(e)(2) of the Act means payment of medical assistance comports with the use of the term "medical assistance" as it is defined in another Illinois statute. Section 3—1 of the Illinois Health Finance Reform Act (20 ILCS 2215/3—1(k) (West 1996) (formerly Ill. Rev. Stat. 1989, ch. 111½, par. 6503—1(k))) defines "medical assistance" as "payments made by the Illinois Department of Public Aid for health care services rendered to persons eligible for medical assistance" under the Illinois Public Aid Code. In interpreting statutory language, legislative intent may be discerned from the history of the legislation or from the use of terms in other sections of the same or other Illinois statutes. *Koenig v. McCarthy Construction Co.*, 344 Ill. App. 93, 97, 100 N.E.2d 338 (1951). We recognize the limitations in importing definitions from other statutes since the context in which a term is used bears on its intended meaning. See *Navlyt v. Kalinich*, 125 Ill. App. 2d 290, 295, 260 N.E.2d 855 (1970). However, we may presume that the legislature, when drafting the language of section 7(e)(2), was aware of the construction and use of the term in the Illinois Health Finance Reform Act (Ill. Rev. Stat. 1989, ch. 111½, par. 6503—1(k)). See generally *People v. Wicks*, 283 Ill. App. 3d 337, 342, 669 N.E.2d 722 (1996) (appellate court may presume legislature was aware of judicial construction given to term used in a statute other than the statute at issue and that the language used was intended to have the same meaning).

Additionally, it is our view that Brian Noti was not a recipient of medical assistance from the Department on October 1, 1989. Rather, it was later determined, pursuant to the Department's own internal policies, that he was eligible for the Department coverage and that such coverage would take effect retroactively to October 1, 1989. As a result, the Department paid for services that Brian Noti received on December 30, 1989.

ICHIP further argues that a later amendment to section 7(e)(2) of the Act clarifies that persons who are approved for medical assistance are ineligible for ICHIP coverage. However, this argument is unpersuasive.

A statutory amendment gives rise to the presumption that the new legislation was intended to effect a change in the law as it formerly existed. *People v. Hare*, 119 Ill. 2d 441, 451, 519 N.E.2d 879 (1988). Whether a legislative modification of a statute is held to indicate an intent to change the law as it previously existed or only to clarify the terms of the law depends upon the circumstances involved. *Hare*, 119 Ill. 2d at 451. However, when the meaning of the original statutory language is clear, courts have declined to view an

amendment as clarifying the legislature's original intention. *Hare*, 119 Ill. 2d at 451.

The General Assembly amended section 7(e)(2) by passing Public Act 87—560, which became effective on September 17, 1991. Pub. Act 87—560, § 1 (eff. September 17, 1991). As a result, section 7(e)(2) now states that a person is ineligible for ICHIP coverage if he or she "is a recipient of or approved to receive medical assistance." 215 ILCS 105/ 7(e)(2) (West 1996). We see no reason to construe this amendment as a clarification. The meaning of the original statutory language is clear that a person would be ineligible for insurance coverage under ICHIP if he or she received medical assistance benefits that were provided. The Act made no reference to eligibility as a bar to coverage. Therefore, we conclude that the 1991 amendment was intended to effect a change in the law as it formerly existed.

Accordingly, we hold that the summary judgment was properly granted in favor of Christ Hospital on December 2, 1994, because receipt of medical assistance under section 7(e)(2) of the Act means payment of medical assistance. The record reflects that the Department paid for services that were provided to Brian Noti on December 30, 1989, to February 11, 1990. Therefore, we further hold that summary judgment was properly granted in favor of ICHIP. The trial court's order of February 21, 1997, which ordered ICHIP to pay Christ Hospital $239,753.34, for services rendered to Steven McCawley and Gene McPherson and ordered Christ Hospital to refund $167,269.54 to ICHIP for overpayment of payments to the hospital on behalf of Brian Noti, is affirmed.

For the foregoing reasons, the judgments of the circuit court are affirmed.

Affirmed.

McNULTY, P.J., and TULLY, J., concur.