723 N.E.2d 1186 (2000)
311 Ill. App.3d 440
243 Ill.Dec. 585
In re APPLICATION FOR TAX DEED (S.I. Securities, an Illinois Partnership, Plaintiff-Appellee,
v.
William T. Jones, Unknown Owners or Parties Interested, and Nonrecord Claimants, Defendant-Appellant).
No. 5-98-0360.
Appellate Court of Illinois, Fifth District.
January 11, 2000.
*1187 M. Christine Heins, Wolff & Jones, Murphysboro, for Appellant.
Glenn R. Tetzlaff, Marion, for Appellee.
Justice GOLDENHERSH delivered the opinion of the court:
On December 3, 1997, the Fifth District Appellate Court entered a Rule 23 order (166 Ill.2d R. 23) reversing and remanding this case to the Jackson County circuit court to determine the amount defendant owed plaintiff under sections 22-80(b)(l) and (b)(2) of the Property Tax Code (Code) (35 ILCS 200/22-80(b)(l), (2) (West 1996)). In re Application for Tax Deed, 292 Ill.App.3d 1136, 240 Ill.Dec. 518, 717 N.E.2d 867 (1997). The September 12, 1996, circuit court order that was the subject of the Rule 23 order required defendant to pay plaintiff an amount based upon section 22-80(a) of the Code (35 ILCS 200/22-80(a) (West 1996)).
On April 6, 1998, the Jackson County circuit court held a hearing to determine the proper amount due from defendant to plaintiff. The court held that (1) pursuant to section 22-80(b)(l) defendant owed $530.30, (2) pursuant to section 22-80(b)(2) defendant owed $15.04 for the 1% interest per month, from October 19, 1995, to June 27, 1996, due on the tax-sale-certificate amounts of $70.45 in 1992, $51.88 in 1993, and $60.19 in 1994, and (3) pursuant to section 22-80(b)(2) defendant owed $15 due for recording the tax deed. After defendant filed a notice of appeal and a *1188 subsequent motion to dismiss the appeal, the circuit court entered another order on May 12, 1998, reciting the $560.34 from the April 15, 1998, order, and the court added that there was no just reason delaying enforcement or appeal. The court also entered one more order acknowledging payment on the part of defendant to plaintiff and stating that the payment did not constitute a waiver of defendant's rights. Defendant filed a timely notice of appeal.

FACTS
On November 6, 1995, the circuit court of Jackson County entered an order directing the issuance of a tax deed for certain real estate to plaintiff, S.I. Securities, an Illinois partnership. The real estate was owned by defendant, William T. Jones, who failed to pay certain real property taxes on the property but had received no notice of any of the tax-deed proceedings.
On February 23, 1996, defendant filed a motion for relief from judgment in the circuit court of Jackson County in which he alleged that plaintiff had obtained the tax deed through false representations and lack of diligent inquiry as to the true state of ownership of the property. In response, plaintiff filed a petition to recover its costs and expenses in the event the tax deed was set aside.
On June 27, 1996, the circuit court of Jackson County entered an order finding that plaintiff had failed to make diligent inquiry to find and serve defendant with notice of the tax-deed proceedings against him. The court indicated that it would not have issued the tax deed had it known that plaintiff had not conducted a diligent inquiry to notify defendant of his right to redeem the property. Accordingly, the court vacated the order directing the issuance of a tax deed.
The court then found that plaintiff was entitled to recover certain costs and expenses from defendant pursuant to sections 22-80(b)(1) and (b)(2). Thus, defendant was ordered to pay within 90 days, as required by statute, the following:
"(1) The amount necessary to redeem the property from the sale as of the last day of the period of redemption, except that the redemption amount under this section shall not include an amount equal to all delinquent taxes on such property[,] which taxes were delinquent at the time of sale; and
(2) amounts in satisfaction of any municipal liens paid by the tax purchaser or his or her assignee, and the amounts of
(3) all taxes and special assessments purchased, or paid by the tax deed grantee, whether before or after entry of the Order for tax deed with interest at the rate of 1% per month from the date each amount was paid until the date of payment; [and]
(4) Any court reporter fees for the hearing on the application for tax deed and transcript, cost of certification of Tax Deed Order, cost of issuance of tax deed[,] and cost of recording of tax deed.
The amounts covered above in (3) and (4) of this Order are to the extent that they are not included in paragraph (1) of this Order." (Emphasis in original.)
See 35 ILCS 200/22-80(b) (West 1996).
On July 9, 1996, defendant filed a certificate stating that he had tendered to plaintiff the amount of $154.62, representing payment according to the court's order. On July 10, 1996, plaintiff filed an objection to the certificate of tender, stating that it represented only a partial payment of the amounts due under the court's order.
The matter came on for hearing on September 6, 1996. After hearing evidence and argument, the court stated:
"The Court has read its previous order in reference to this[,] and the Court *1189 finds that under Section 200/22-80 [sic], Section A applies. The court[,] pursuant to that section, is making the following orders in reference to what is due and owing under one, two[,] and three."
A written order was entered on September 12, 1996, directing that defendant was to pay the following:
"A. The taxes paid by [plaintiff] in the amount of $70.42[,] $51.88[,] and $60.19 with interest at the rate of 1% per month from the respective dates of each tax payment to the date of payment by [defendant], William T. Jones.
B. [Defendant] shall further pay the following: $16.00 Sheriff's Fee; Publication $64.80; Circuit Clerk Filing $87.00; $2.29 Certified Mailing; $15.00 Lis Pendens Filing; $15.00 Deed[;] for a total of $200.09 as and for costs."
On November 18, 1996, on defendant's request, the court made a docket entry order finding that there was no just reason for delaying enforcement or appeal. On December 3, 1997, the Fifth District Appellate Court entered a Rule 23 order reversing and remanding this case to the Jackson County circuit court to determine the amount defendant owed petitioner under sections 22-80(b)(1) and (b)(2).
On April 6, 1998, the circuit court held a rehearing to determine the proper amount due from defendant to plaintiff. The court held that (1) pursuant to section 22-80(b)(1) defendant owed $530.30, (2) pursuant to section 22-80(b)(2) defendant owed $15.04 for the 1% interest per month due on the tax-sale-certificate amounts of $70.45 in 1992, $51.88 in 1993, and $60.19 in 1994, from October 19, 1995, to June 27, 1996, and (3) pursuant to section 22-80(b)(2) defendant owed $15 due for recording the tax deed. After defendant filed a notice of appeal and a subsequent motion to dismiss appeal, the circuit court entered another order on May 12, 1998, reciting the $560.34 from the April 15, 1998, order and adding that there was no just reason delaying enforcement or appeal. Finally, the court entered one more order acknowledging payment on the part of defendant to plaintiff and stating that the payment did not constitute a waiver of defendant's rights. Defendant timely filed a notice of appeal.

ANALYSIS
The issue in this case is whether the phrase "amount necessary to redeem" in section 22-80(b)(1) has an independent meaning or whether the definition of "amount of redemption" in section 21-355 of the Code (35 ILCS 200/21-355 (West 1996)) is the proper definition? This is a statutory construction issue, a question of law, and as such the standard of review is de novo. See In re Application of Tax Deed, 285 Ill.App.3d 930, 932, 221 Ill.Dec. 378, 675 N.E.2d 285, 286 (1997).
When interpreting a statute, the court should attempt to ascertain the legislative intent and render it effective. See People v. Dinger, 136 Ill.2d 248, 257, 144 Ill.Dec. 88, 554 N.E.2d 1376, 1379 (1990); Illinois Power Co. v. Mahin, 72 Ill.2d 189, 194, 21 Ill.Dec. 144, 381 N.E.2d 222, 224 (1978); Christ Hospital & Medical Center v. Illinois Comprehensive Health Insurance Plan, 295 Ill.App.3d 956, 960, 230 Ill.Dec. 486, 693 N.E.2d 1237, 1240 (1998). The first step is to look at the plain meaning of the words and to construe them in their context. See Dinger, 136 Ill.2d at 258, 144 Ill.Dec. 88, 554 N.E.2d at 1380; Illinois Power Co., 72 Ill.2d at 194, 21 Ill.Dec. 144, 381 N.E.2d at 224; Airdo v. Village of Westchester ex rel. Clark, 95 Ill.App.3d 568, 569, 51 Ill.Dec. 58, 420 N.E.2d 472, 473 (1981). A statute should be construed, if possible, so that no part of the statute is rendered superfluous or meaningless. See People v. Lutz, 73 Ill.2d 204, 212, 22 Ill.Dec. 695, 383 N.E.2d 171, 174 (1978); Peacock v. Judges Retirement System of Illinois, 10 Ill.2d 498, 501, 140 N.E.2d 684, 686 (1957); Consumers Co. v. *1190 Industrial Comm'n, 364 Ill. 145, 4 N.E.2d 34 (1936).
In this case, there is a question as to the proper meaning of the phrase "amount necessary to redeem" in section 22-80(b). Plaintiff contends that the proper determination of the meaning of the phrase requires referring to section 21-355. This section is contained in Article 21 of the Code, covering due dates, delinquencies, and enforcement of payments, and plaintiff argues that the legislature was aware of the definition in Article 21 and that, absent other direction, section 21-355 should be used to define the phrase. Defendant argues that the legislature's specific reference to section 21-260 of the Code (35 ILCS 200/21-260 (West 1996)) for the definition of a scavenger sale in section 22-80(b)(1), coupled with the absence of reference to Article 21 for a definition for "amount of redemption," "indicates a legislative intent not to define the phrase [']amount necessary to redeem[`]" in section 22-80(b)(1) by reference to section 21-355. Consequently, we must look to rules of statutory construction to define "amount necessary to redeem" in order to calculate the amount plaintiff owes defendant.
"`In construing a statute where the same, or substantially the same, words or phrases appear in different parts of the same statute[,] they will be given a generally accepted and consistent meaning, where the legislative intent is not clearly expressed to the contrary.'" Lutz, 73 Ill.2d at 212, 22 Ill.Dec. 695, 383 N.E.2d at 174, quoting Moran v. Katsinas, 16 Ill.2d 169, 174, 157 N.E.2d 38, 40 (1959); see Chapman v. County of Will, 55 Ill.2d 524, 529-30, 304 N.E.2d 287, 290 (1973); Borg v. Village of Schiller Park Police Pension Board, 99 Ill.2d 376, 381, 76 Ill.Dec. 816, 459 N.E.2d 951, 954 (1984); Airdo, 95 Ill. App.3d at 569, 51 Ill.Dec. 58, 420 N.E.2d at 473. Legislative intent as to the meaning of words can be ascertained from the history of the legislation or from the use of the term in other sections of the same or other Illinois statutes. See Christ Hospital & Medical Center, 295 Ill.App.3d at 961, 230 Ill.Dec. 486, 693 N.E.2d at 1240-41; Koenig v. McCarthy Construction Co., 344 Ill. App. 93, 97, 100 N.E.2d 338, 340 (1951). One may presume that the legislature, when drafting the language of the section, was aware of the construction and use of the term in another section. See Christ Hospital & Medical Center, 295 Ill.App.3d at 961, 230 Ill.Dec. 486, 693 N.E.2d at 1241. There is a limit to the use of a definition from another statute because words must be construed in the context in which they are presented. See Christ Hospital & Medical Center, 295 Ill.App.3d at 961, 230 Ill.Dec. 486, 693 N.E.2d at 1241; Navlyt v. Kalinich, 125 Ill.App.2d 290, 295, 260 N.E.2d 855, 857 (1970), aff'd, 53 Ill.2d 137, 290 N.E.2d 219 (1972).
In this case, defendant argues that, when determining the amount owed to plaintiff, the trial court erred in two ways. First, defendant claims that it was improper for the trial court, over his objection, to allow the Jackson County Clerk to testify as to the amount necessary to redeem. Defendant claims that by repealing section 270 of the Revenue Act of 1939 (35 ILCS 205/270 (West 1994)) (the predecessor to section 22-80), which required that the county clerk estimate the amount necessary to redeem, and by enacting section 22-80 without that requirement the General Assembly did not intend for the county clerk estimations to be considered. Second, defendant argues that the legislature's specific reference in section 22-80(b)(1) to section 21-260 for the definition of a scavenger sale, coupled with the absence of reference to Article 21 for a definition for "amount of redemption," indicates a legislative intent not to define "amount necessary to redeem" by reference to section 21-355. Defendant contends that the General Assembly's aim in enacting the new statute was to prevent nondiligent tax purchasers from profiting from their own idleness.
*1191 Defendant contends that the proper amount under section 22-80(b) is $154.62, representing the 1991 taxes$30.28, the 1992 taxes$31.18, half the 1993 taxes $39.02, the interest on said taxes$39.14, and the recording fee$15.00. Defendant argues that, in the alternative to this amount, the exception in section 22-80 applies for the extension of time by the court upon a motion from the tax purchaser. Under this argument defendant calculates the amount necessary to redeem to be the original tax certificate$70.42, 1992 taxes paid$31.18, and the 1993 taxes paid $39.02, totaling $140.62.
Plaintiff contends that the language of 22-80 is clear. It states that a person who successfully obtains an order setting aside a tax deed must pay the "amount necessary to redeem." Plaintiff argues that this amount is defined in 21-355 and there is no evidence that the legislature intended a definition independent of 21-355. Plaintiff argues that defendant does not fit the extension-of-time exception in 22-80(b), because in order to extend the time period the purchaser only has to file a notice of extension with the county clerk, and the court does not specifically get involved. Finally, plaintiff does not claim that the county clerk has the authority to determine the redemption amount, but plaintiff instead uses the clerk's calculations as a guide.
In this case, there is no indication that the General Assembly intended to create a definition of the amount of redemption in section 22-80 different from that in section 21-355. The law tells us to read statutes in a plain and consistent manner, unless the legislative intent is to the contrary. See Lutz, 73 Ill.2d at 212, 22 Ill.Dec. 695, 383 N.E.2d at 174; Moran, 16 Ill.2d at 174, 157 N.E.2d at 40; Chapman, 55 Ill.2d at 529-30, 304 N.E.2d at 290; Borg, 99 Ill.2d at 381, 76 Ill.Dec. 816, 459 N.E.2d at 954; Airdo, 95 Ill.App.3d at 569, 51 Ill.Dec. 58, 420 N.E.2d at 473. Granted, defendant is correct when he argues that the General Assembly would not have amended section 22-80 if it wanted to maintain the status quo. However, section 22-80 does change the statute by eliminating the county clerk calculation as a requirement and by not requiring the party obtaining the setting aside of the tax deed to pay the tax deed purchaser's attorney fees. There is no indication that the legislature also intended to exclude section 21-355 as a guide.
Defendant claims that Article 21 should not be used because that article deals with delinquencies, while Article 22 deals with tax deeds. This case is based upon delinquencies. If defendant had paid his taxes, this case would not be before us. Thus, even though the plaintiff lacked diligence when notifying defendant of the pending tax deed sale, defendant did not enter this proceeding with clean hands. We can find no reason to prevent plaintiff from receiving the time value of its money and the costs and fees it paid during the history of this case. We feel the legislature eliminated the attorney fees in cases to set aside a tax deed because the only way one can obtain the setting aside of a tax deed is if the tax purchaser erred in some manner during the proceedings. The legislature did not want to punish the original owner for the error of another. However, the legislature did not want to punish the tax purchaser by not allowing him to be reimbursed for money spent. Otherwise, the risk of purchasing a tax deed would increase, and fewer parties would engage in redeeming property.

CONCLUSION
For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.
Affirmed.
RARICK, P.J., and MAAG, J., concur.