SECOND DIVISION

March 22, 2005

No. 1-04-0896

In re 
APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NON-PAYMENT OF GENERAL TAXES FOR THE YEAR 1998 AND PRIOR YEARS PETITION OF DREAM SITES, L.L.C. FOR TAX DEED, 

(Dream Sites, L.L.C.,

Petitioner-Appellee, 

v.

Grace Apostolic Faith Church, 

Respondent-Appellant).

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the 

Circuit Court of

Cook County.

Honorable

Robert W. Bertucci, 

Judge Presiding.

PRESIDING JUSTICE BURKE delivered the opinion of the court:

Respondent Grace Apostolic Faith Church (the Church) appeals from an order of the circuit court issuing a tax deed in favor of petitioner Dream Sites, L.L.C.,
(footnote: 1) a tax buyer, against property owned by the Church.  On appeal, the Church contends that the trial court erred in issuing a tax deed because Dream Sites failed to strictly comply with section 22-10 of the Property Tax Code (Code) (35 ILCS 200/22-10 (West 2002)) in that it failed to include the address of the Daley Center in the notice required under that section.  For the reasons set forth below, we reverse and remand.

STATEMENT OF FACTS

The property at issue was sold at an annual tax sale on April 14, 2000, for delinquent 1998 general real estate taxes.  On January 25, 2002, National Indemnity Corp. filed a petition for issuance of a tax deed.  Thereafter, it lodged a "Notice of expiration of period of redemption" pursuant to section 22-10 of the Code, stating that the hearing for issuance of a tax deed would be held in "Room 1704, Richard J. Daley Center in Chicago, Illinois."  The Church filed an objection, arguing that the notice was insufficient because it failed to include the address of the Daley Center as required by section 22-10.  Specifically, according to the Church, it failed to state, "Richard J. Daley Center, Room 1704, 50 W. Washington, Chicago, Illinois."  

A trial was held on January 20, 2004, after which the court overruled the Church's objection and entered an order granting Dream Site's petition for issuance of a tax deed.  In so finding, the trial court noted that for "decade after decade" there was no address posted on the building and had only recently been posted at the insistence of the Chicago fire department and that mail arrived at the building without a street address.  Accordingly, the court found that the name of the building and a room number were a sufficient address under the statute and a street address was not required.  The court stated, however, that its ruling applied "to this particular building," and "[i]f it had been some other building that may or may not be commonly known, it may be a different result."  This appeal followed.

ANALYSIS

The sole question on appeal, one of first impression, is whether the "Notice of expiration of period of redemption" requires a street address when the hearing will be held in the Daley Center.  In other words, the question involves the meaning of the term "address" in section 22-10 of the Code.  The statute, amended effective June 1, 1997, provides: "In counties with 3,000,000 or more inhabitants, the notice shall state the address, room number and time at which the matter is set for hearing."  35 ILCS 200/22-10 (West 2002).  Strict compliance with this section is required by section 22-40.  35 ILCS 200/22-40 (West 2002).

This case requires us to construe a statute, which involves a question of law subject to 
de novo
 review.  
In re Estate of Andernovics
, 197 Ill. 2d 500, 507, 759 N.E.2d 501 (2001).  "The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature."  
People ex rel. Ryan v. McFalls
, 313 Ill. App. 3d 223, 226, 728 N.E.2d 1152 (2000).  This involves examining the language of the statute and giving the words their plain meaning and construing them in context.  
In re Tax Deed
, 311 Ill. App. 3d 440, 443, 723 N.E.2d 1186 (2000).  "A statute should be construed, if possible, so that no part of the statute is rendered superfluous or meaningless."  
In re Tax Deed
, 311 Ill. App. 3d at 443.  "Legislative intent as to the meaning of words can be ascertained from the history of the legislation or from the use of the term in other sections of the same or other Illinois statues."  
In re Tax Deed
, 311 Ill. App. 3d at 444.  See also 
In re County Treasurer and Ex-Officio Collector of Cook County
, 323 Ill. App. 3d 1044, 1048, 753 N.E.2d 363 (2001).  "[T]he court, however, must construe the statute as written and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute."  
In re County Treasurer
, 323 Ill. App. 3d at 1049.  "It is presumed that an amendment is made for some purpose, and effect must be given to the amendment in a manner consistent with that purpose." 
Department of Transportation v. Drury Displays, Inc.
, 327 Ill. App. 3d 881, 888, 764 N.E.2d 166 (2002).  Specifically, "[w]hen a statute is amended, it is presumed that the legislature intended to change the law as it formerly existed."  
Department of Transportation
, 327 Ill. App. 3d at 888.  

With respect to notice and tax deeds specifically, it has been held that such notice provisions are to be rigidly enforced.  
Gage v. Bani
, 141 U.S. 344, 351, 35 L. Ed. 776, 779, 12 S.Ct. 22, 25 (1891).  The notice must contain every essential statutory element and if it omits even one, the deed issued pursuant to that notice will be void.  
People v. Banks
, 272 Ill. 502, 506-07, 112 N.E. 269 (1916); 
Wright v. Glos
, 264 Ill. 261, 264, 106 N.E.200 (1914).  The tax buyer must strictly comply with the statutory notice requirements without regard to whether any owner, 
inter alia
, was misled by the defective notice.  
In re Application of County Collector
, 295 Ill. App. 3d 703, 708, 692 N.E.2d 1211 (1998).  In other words, courts presume prejudice to the owner.  
In re Application of County Collector
, 295 Ill. App. 3d at 708.  The determination of whether the notice satisfied all the statutory requirements is a question of law and we need not defer to the trial court's findings on the issue.  
In re Application of County Collector
, 295 Ill. App. 3d at 705.

The Church first contends that the trial court's decision was against the manifest weight of the evidence because it ignored the plain language of section 22-10 of the Code and did not require strict compliance with the provision, as is necessary.  According to the Church, the Daley Center is the name of the building, not its address.  Dream Sites contends that the trial court's decision was not against the manifest weight of the evidence because the evidence clearly demonstrated that the Daley Center is both the name of the building and its address.
(footnote: 2)
 With respect to statutory construction, the Church contends that the street address is required on a notice and the name of the building, here, the Daley Center, is not sufficient to satisfy the statute.  Specifically, the Church maintains that the plain and ordinary meaning of the term "address" is not a building's name.  Rather, "address" commonly and normally means a number and street name.  According to the Church, prior to June 1, 1997, the notice required only that the name of the courthouse, 
i.e.
, Daley Center, be identified.  The amendment, however, now requires the street address of the building.  In this regard, the Church argues that only the name of the building, Daley Center, was sufficient prior to the amendment.  However, to interpret the amended statute to mean that the name alone is still sufficient would render the amendment a nullity.  In other words, using only the name, Daley Center, could not be strict compliance prior to the amendment and still be strict compliance after the amendment. 

Dream Sites contends that the street address of the Daley Center is not required under section 22-10 of the Code.  According to it, "notwithstanding" the language of section 22-10, "Daley Center, Chicago, Illinois" is an adequate address.  Specifically, Dream Sites maintains that the statute does not require a numeric address and, had the legislature wanted a numeric address, it could have said so. 

No Illinois case has defined the meaning of the term "address" either in the context of this provision or any other.  In addition, the only statement made by the legislature with respect to the amendment of section 22-10 of the Code, and this was the only substantive amendment made at that time, was by the sponsor of the bill who stated, "We've also amended the Property Tax Code to provide greater notice to people to protect taxpayers."  89th Ill. Gen. Assem., House Proceedings, March 27, 1996, at 34 (statement of Representative Cross).  Dream Sites relies upon 
Munson v. Bay State Dredging & Contracting, 
314 Mass. 485, 50 N.E.2d 633 (1943), in support of its position.  In 
Munson
, an automobile accident case, the issue of illegal registration of the plaintiff's automobile was raised as evidence of his contributory negligence.  
Munson
, 314 Mass. at 487, 50 N.E.2d at 635.  The plaintiff had registered his automobile at his estranged wife's address although he did not reside there.  
Munson
, 314 Mass. at 487, 50 N.E.2d at 635.  The registration statute required the vehicle owner to identify his "name, place of residence and address."  
Munson
, 314 Mass. at 488, 50 N.E.2d at 635.  In addressing the issue before it, which is not relevant to the instant case, the 
Munson
 court stated that "An applicant may have an address, that is, a place where mail or other communications will reach him, at a place other than his residence."  
Munson
, 314 Mass. at 489, 50 N.E.2d at 636.  Dream Sites relies upon this definition to support its argument that the name, Daley Center, is a sufficient address under section 22-10 because mail, even without a street address, will find its way to the building.

We do not find the 
Munson
 court's definition of address relevant to the issue here and, therefore, even assuming 
Munson
 was controlling, we do not find it pertinent.  In the instant case, we are not concerned with mail reaching the Daley Center.  Rather, we are concerned with human beings, individuals who are about to lose their property, reaching the Daley Center.  Simply because mail, without a street address, may ultimately reach the Daley Center, does not mean that someone from outside the Chicago Loop and perhaps unfamiliar with the city will do so.  Logically, the Chicago branch of the United States Post Office must certainly deal with insufficient addresses, particularly of the Daley Center, on a regular and frequent basis, whereas a property owner attempting to attend a tax deed hearing presumably does not encounter such a situation on a regular basis.  We find there is a distinction between the definition of address with respect to the physical location of a building and the written form for purposes of postal delivery.  Here, the relevant definition is the physical location, not the mail format for purposes of the United States Post Office.

The Daley Center is the "Vanity Name" of the Cook County courthouse building relevant here.  See "Vanity Building Addresses in Chicago," 
www.chipublib.org/008subject/005genref/gisvanity.html
  (listing addresses of 124 buildings in Chicago, referred to by certain "vanity" names, 
e.g.
, Richard J. Daley Center, "Address: 50 W. Washington"; Dirksen Building, 219 S. Dearborn; Old Federal Building, 536 S. Clark; Kluczynski Building, 230 S. Dearborn; Ralph Metcalf Federal Building, 77 W. Jackson; State of Illinois Building, 160 N. LaSalle; State of Illinois Center (James R. Thompson Center), 100 W. Randolph).  Building names, such as the Daley Center, are common and may even change over time.  For example, the Thompson Center, completed in 1985, was known as the State of Illinois Center until May 10, 1993.  It then became the Thompson Center.  Similarly, the building housing the First District Appellate Court, located at 160 N. LaSalle Street, was previously called the State of Illinois Building.  However, when the Thompson Center was completed, 160 N. LaSalle was then referred to as the Old State of Illinois Building.  Subsequent to the renaming to its current name, the Thompson Center, 160 N. LaSalle was again referred to as the State of Illinois Building.  Finally, as of March 14, 2003, it was renamed the Michael A. Bilandic Building.  Of most significance, however, is the Daley Center itself, which was originally known as the Chicago Civic Center.  See 
www.cityofchicago.org/landmarks/D/DaleyCenter.html
.  While it is not likely the name of the Daley Center will again be changed, there is certainly the possibility because it is merely the name of the building, not its address.

We believe that the legislature, in amending section 22-10 of the Code, intended that the notices required by this section would include the street address of the courthouse in question, including the Daley Center.  "Address" in connection with the physical location of a building is defined as: "the number, street name, and other information that describes where a building is" (Microsoft Encarta College Dictionary 15 (2001)); "the name, street number, city and state of a *** business" (Dormac Easy English Dictionary 4 (1988)); "residence, home, dwelling, headquarters, box number, street, house number, zip code" (Cambridge Thesaurus of American English 7 (1994)); and "the street name and number, city, state, and other information identifying the location of something, such as a building" (NTC's American English Learner's Dictionary 10 (1998)).  Here, the address of the courthouse where the tax deed hearing was to be held, known by the name of Daley Center, is 50 West Washington Street, Chicago, Illinois.  See 
www.cityofchicago.org/landmarks/D/DaleyCenter.html
 (stating the address of the Daley Center as "50 W. Washington St.").  This is what the statute requires.  There is no dispute that, prior to the amendment of section 22-10, including only the "Daley Center" in a notice complied with the statute.  However, the legislature amended the notice requirements, and, according to the sponsor, this was done "to provide greater notice to people to protect taxpayers."  The amendment must have some meaning.  The only clear and obvious intent of the amendment was that such notices require a street address of the courthouse where the tax deed hearing will be held.  To interpret the amendment in any other way would render it null and void.  While we acknowledge that the legislature did not use the term "street address," we do not believe this is fatal.  The common and ordinary meaning of the term address, as defined above, clearly contemplates a number and street address.  No reasonable argument can be made that the conventional meaning of "address" does not encompass a number and street name.  This clearly is the plain and ordinary meaning of the term "address."  Accordingly, we conclude that the trial court erred in finding that the name of the building, the Daley Center, constituted an address complying with the statutory requirements of section 22-10 of the Code.  In this regard, it appears that the trial court ruled as such based on the fact the building is so commonly known.  However, the legislature did not include an exception in the statute for commonly known buildings.  Adding such a condition or exception clearly fails to comport with the well-settled principles of statutory construction.

CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court of Cook County and remand this cause for further proceedings.

Reversed and remanded.

WOLFSON and GARCIA, JJ., concur.

FOOTNOTES
1:
Dream Sites succeeded the interest of National Indemnity Corp. and was substituted as petitioner.

2:
As stated above, the questions before this court are whether the notice satisfied the statutory elements and the meaning of those elements, particularly the meaning of the term "address."  These issues are questions of law, reviewed 
de novo
, and, therefore, the arguments made with respect to the manifest weight of the evidence are erroneous.