26 January 2000

No. 2--98--1656

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

In re
 APPLICATION OF WILLIAM A. ) Appeal from the Circuit Court

WARD, County Treasurer and 
ex
 ) of McHenry County.

officio
 Collector of McHenry    )

County, for Judgment and )

Order of Sale Against Real    )

Estate Returned Delinquent for  )

Nonpayment of General Taxes for )

the Year 1993 and Prior Years   )

and for Judgment Fixing the ) No. 94--TX--30010

Correct Amount of Taxes Paid    )

Under Protest for the Year 1993 )

)

(Choice Properties, Inc.,       )

Petitioner-Appellee, v. Jeff    )

Diedrich, on behalf of the      )

Homeowners in Kishwaukee Valley ) Honorable

Estates Unit 1, Respondent- ) Michael J. Sullivan,

Appellant). ) Judge, Presiding.

________________________________________________________________

Modified Upon Denial of Rehearing

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Jeff Diedrich, on behalf of the Homeowners in Kishwaukee Valley Estates Unit 1 (homeowners), appeals from a circuit court order that denied the homeowners' motion to dismiss a tax deed.  The tax deed in question was issued to petitioner, Choice Properties, Inc. (Choice Properties).  The homeowners contend that the trial court erred in denying their motion to dismiss the tax deed (1) because petitioner failed to notify or make a diligent effort to notify them of the tax deed proceedings, and (2) because the property that was the subject of the tax deed was exempt from taxation.  We reverse.

The property that is the subject of the tax deed (the property) is a parcel of land consisting of approximately eight acres in a residential subdivision known as Kishwaukee Valley Estates Unit 1.  Diedrich is 1 of 11 homeowners who own lots in the subdivision.

On November 14, 1994, petitioner purchased the tax certificate on the property at a tax sale for the delinquent 1993 taxes.  On February 4, 1997, petitioner filed a timely petition for a tax deed on the property.  On the same date, petitioner also filed a take notice describing the proceedings.  Petitioner requested that the take notice be served on Paul Thompson, who was the tax assessee for the property and on the trustee of a land trust that was the record owner of the property.  Petitioner also caused notice of the tax deed proceedings to be published for three days in February 1997, to the same parties and unknown owners or other interested parties.  The period of redemption expired on May 31, 1997, without redemption.

On June 20, 1997, the trial court conducted a hearing on the petition for a tax deed.  At the hearing, Thaddeus M. Bond, Jr., who described himself as the attorney for and one of the principal shareholders of Choice Properties, testified that petitioner ordered a title search on the property before filing its petition for a tax deed.  Bond testified that the title search showed that there were two parties with an interest in the property.  These parties were Paul Thompson, the assessee, and Charles H. Kaye, who held the property under a land trust.  Bond testified that petitioner served or attempted to serve all parties in interest and notified the same parties and unknown owners or interested parties by publication.  The court subsequently directed the county clerk to issue a tax deed for the property to petitioner and a tax deed was issued.  The tax deed was recorded on December 16, 1997.

On December 8, 1997, Diedrich filed a motion on behalf of the homeowners to dismiss the tax deed pursuant to section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 1998)).  The motion asserted (1) that, because a recorded plat had dedicated the property as a park for the benefit of the homeowners, the property was not subject to taxation and was therefore taxed and sold in error, and (2) that petitioner did not name the homeowners as parties or make a diligent effort to serve them even though the statutes governing tax deed proceedings required petitioner to notify them.

On December 19, 1997, the McHenry County treasurer, William W. Lefew, through an assistant State’s Attorney,  filed a response to the motion to dismiss the tax deed.  The response included the following admissions and allegations: the tax assessor over assessed the property for the tax period in question because the property qualified for an assessment of $1; had the supervisor of assessments been aware of the overassessment prior to the tax sale, a certificate of error would have been issued; if Lefew had known of the erroneous assessment prior to the issuing of the petition for a tax deed, he would have petitioned the court to declare a sale in error; Lefew had no objections to the court vacating the tax deed and the tax sale; and, if that was done, Lefew would make an appropriate refund to the tax buyer.

On August 18, 1998, petitioner filed its response to the motion to dismiss the tax deed.  Among the attachments to petitioner’s response were copies of a plat of the subdivision  and a related declaration of covenants that had both been recorded in 1974.  On the plat, written across the subject property in large block letters was the word "PARK."  Also on the plat, beneath the word "PARK," was written "for benefit of Homeowners of the Sub.  See a declaration of covenants filed as a part of this plat under a separate document."

Paragraph (c) of the declaration of covenants that was referenced in the plat stated, in relevant part, that the property designated on the plat as "PARK" was to be conveyed to a homeowners' association and that each owner of a lot in the subdivision would be a member of the association.  The association was to be incorporated within 12 months.  Each lot owner was to have one vote in the association for each lot owned.  The association, as agent for the lot owners under an irrevocable agency coupled with an interest, was to hold legal title to the property which was described as a common area and park.

Petitioner argued in its response to the motion to dismiss the tax deed that the homeowners were not entitled to notice of the tax deed proceedings because the association had never been incorporated and title to the property therefore had never been transferred to the association.  Petitioner also argued that the property was not tax exempt.

On November 23, 1998, the trial court entered an order that denied the homeowners' motion to dismiss the tax deed.  Diedrich’s timely notice of appeal on behalf of the homeowners followed.

On appeal, the homeowners contend that the denial of their motion to dismiss the tax deed must be reversed because (1) petitioner failed to notify them of the tax proceedings even though they were entitled to notice both as occupants of the property and as parties interested in the property; and (2) because the property was tax exempt.

The homeowners filed their motion to dismiss the tax deed pursuant to section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 1998)).  The grounds for contesting a tax deed pursuant to section 2--1401 are limited to those specified by section 22--45 of the Property Tax Code (Code) (35 ILCS 200/22--45 (West 1998)).  Section 22--45 provides, in pertinent part, that the grounds for relief under section 2--1401 are limited to:

"(2) proof that the property was exempt from taxation; [or]

***

(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in Section 22--20, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22--10 through 22--30."  35 ILCS 200/22--45 (West 1998).

We first address the homeowners’ contention that the tax deed must be dismissed because the property was exempt from taxation.  The homeowners posit that county officials admit that the property was assessed in error in 1993 and was entitled to an assessment of $1 per year under section 10--35 of the Code (35 ILCS 200/10--35 (West 1998)).  Without citing any relevant authority, the homeowners next assert that an assessment of $1 per year is tantamount to a "use exemption" from taxation.  The homeowners then reason that such an exemption is sufficient to bring the property within the limited grounds for contesting a tax deed under section 22--45(2) of the Code (35 ILCS 200/22--45(2) (West 1998)).

We disagree.  The Illinois Constitution provides:

"The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and property used exclusively for agricultural and horticultural societies, and for school, religious, cemetery and charitable purposes."  Ill. Const. 1970, art. IX, §6.

The homeowners do not assert that the property in question here, which is privately owned, is used for any of the purposes delineated by the constitution as the only grounds for tax exemption.

In addition, our supreme court has held that a "park dedicated for the benefit of other property and restricted to the use of the owners of such property or residents therein is not dedicated for public use, but remains private property and is not exempt from taxation."  
People ex rel. Scott v. Ricketts
, 248 Ill. 428, 431 (1911).  In this case, assuming 
arguendo
 that the property has been dedicated as a park for the benefit of the homeowners, there is nothing in the record to show that the property would not remain private property.  Thus, under 
Ricketts
, the property is not tax exempt.

For these reasons, we conclude that the homeowners have failed to show that the property is exempt from taxation.  Accordingly, the homeowners' contention that the trial court erred in denying their motion to dismiss the tax deed on the ground that the property was exempt from taxation fails.

The homeowners next contend that the trial court erred in denying their motion to dismiss the tax deed because petitioner failed to notify them or make a diligent effort to notify them of the tax deed proceedings.  The homeowners argue that they were entitled to be notified both because they were occupants of the property and because they were parties interested in the property.

We first consider the homeowners' contention that they were entitled to notice because they were parties interested in the property.  The Code requires that a tax purchaser or his assignee serve notice, by abode service and by certified mail, upon "parties interested in the property, if upon diligent inquiry they can be found in the county." 35 ILCS 200/22--15 (West 1998).  The Code also requires a tax purchaser to publish notice to parties interested in the property.  35 ILCS 200/22--20 (West 1998).  The Code's notice requirements are mandatory, and satisfaction of the requirements is a condition precedent to the proper issuance of a tax deed.  
In re Application for Tax Deed
, 285 Ill. App. 3d 930, 932 (1997).  The petitioner for a tax deed has the burden of persuading a court that it complied with the Code and provided the appropriate notice.  
In re Application of the County Collector for Judgment & Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes &/or Assessments for the Year 1988 & Prior Years
, 219 Ill. App. 3d 396, 403 (1991).

In this case, the homeowners maintain that they were entitled to notice as parties interested in the property because they were shown on the recorded plat as the beneficiaries of the developer's intent to dedicate the property for their use as a private park.  In the homeowners' view, this gave them a clear interest in the property that entitled them to notice even if the homeowners' association that was intended to hold legal title to the property was never incorporated.

Petitioner acknowledges that a plat recorded in 1974 labeled the property as a "PARK" and that the plat stated that the park was "for the benefit of the homeowners of the Sub."  Petitioner also acknowledges that a recorded declaration of covenants that was referred to on the plat evinced an intent to incorporate a homeowners' association which would hold title to the property and in which the homeowners would be members.  Petitioner also admits that it made no effort to personally serve the homeowners with notice of the tax deed proceedings and that it did not name the homeowners in its publication notice regarding the tax deed proceedings.

Petitioner takes the position that the homeowners were not entitled to notice.  Petitioner argues that the failure of the homeowners to form a homeowners' association and accept the property as a park is fatal to their allegation of interest in the property.  In support of this argument, petitioner relies primarily on 
Emalfarb v. Krater
, 266 Ill. App. 3d 243 (1994).

In 
Emalfarb
, this court reviewed a trial court ruling that the word "Park" written on a piece of property on a recorded plat constituted a statutory dedication of the subject property to a county for use as a public park and that the dedication was sufficient to render invalid a subsequent tax deed that was issued for the subject property.  The court concluded that the mere word "park" on a plat was not sufficient to indicate a donative intent in the absence of a specific designation of the land as public and without the county specified as the grantee.  
Emalfarb
, 266 Ill. App 3d at 256.  

The homeowners reply that 
Emalfarb
 is distinguishable from this case and therefore is not controlling here.  We agree.  In 
Emalfarb
, the question the court decided was whether the alleged statutory dedication conveyed land to a public entity for use as a public park.  In this case, the question is whether the homeowners are parties interested in property intended to be conveyed to a homeowners' association for their benefit and use as a private park.    In 
Emalfarb
, there was nothing on the plat other than the word "Park."  In this case, in addition to the word "Park" the plat bore the words "for benefit of Homeowners of this Sub." and referred to a declaration of covenants.  The declaration of covenants expressed an intent to convey the property to a homeowners' association that would hold the title for the homeowners who would be members of the association.  We believe that, unlike 
Emalfarb
 where the plat was not sufficient to establish donative intent, the recorded documents in this case evince a clear donative intent for the benefit of the homeowners.  Because of these differences, we conclude that 
Emalfarb
 is not controlling given the circumstances of this case.

This case is more akin to 
In re Application of the County Treasurer & ex officio County Collector of Cook County for Order of Judgment & Sale Against Real Estate Returned Delinquent for the Year 1985
, 216 Ill. App. 3d 162 (1991) (hereinafter 
Huffman
).  The 
Huffman
 court held that, even though the beneficiaries of a land trust are not statutorily entitled to notice of tax deed proceedings, if a tax purchaser could reasonably ascertain the identity of a land trust beneficiary from a public record then the beneficiary was entitled to notice of the tax deed proceedings.  
Huffman
, 216 Ill. App. 3d at 171.

We recognize that the homeowners in this case are not land trust beneficiaries.  However, we believe that the homeowners have an undefined interest in the property by virtue of the clear donative intent of the recorded plat and declaration of covenants.  We also believe that this undefined interest was sufficient to make the homeowners parties interested in the property with a right to redeem the property.  See 
In re Application of Du Page County Collector
, 98 Ill. App. 3d 950, 952 (1981) (person entitled to redeem property need have only an undefined interest in the property).  We also believe that the recording of the plat and the declaration of covenants brought the homeowners' interests in the property within the scope of section 22-45 of the Code to the extent that it limits the ground for contesting a tax deed to a failure to notify those with a recorded interest.  See 35 ILCS 200/22--45 (West 1998).  Accordingly, the homeowners had standing to contest the issuance of the tax deed.  It is also apparent that petitioner could have reasonably ascertained the identities and addresses of the homeowners simply by visiting their homes in the subdivision and by consulting public tax records.  Such efforts would not be outside the bounds of the diligent inquiry required by the Code.

Because petitioner did not notify the homeowners even though they were parties interested in the property, the trial court erred when it denied the motion of the homeowners to dismiss the tax deed.  Having resolved this matter on the ground that the homeowners were interested parties, we need not address their contention that they were also entitled to notice because they were occupants of the property.

The judgment of the circuit court of McHenry County is reversed, and this cause is remanded to the circuit court for proceedings consistent with this decision.

Reversed and remanded.

INGLIS and GEIGER, JJ., concur.