2022 IL App (1st) 211511

SIXTH DIVISION
December 30, 2022 Filing Date

Nos. 1-21-1511 & 1-21-1512 (cons.)

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE | ) | |
| COUNTY TREASURER AND EX-OFFICIO COUNTY | ) | Appeal from the |
| COLLECTOR OF COOK COUNTY, ILLINOIS, FOR | ) | Circuit Court of |
| ORDER OF JUDGMENT AND SALE AGAINST REAL | ) | Cook County. |
| ESTATE RETURNED DELINQUENT FOR THE NON- | ) | |
| PAYMENT OF GENERAL TAXES FOR THREE OR | ) | No. 20 COTD 001321 |
| MORE YEARS | ) | 20 COTD 001369 |
| | ) | |
| (COUNTY OF COOK, D/B/A COOK COUNTY LAND | ) | The Honorable |
| BANK AUTHORITY, | ) | Nichole Patton, |
| | ) | Judge, Presiding. |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL EQUITY LAND TRUST #2140215 AND | ) | |
| HOLDINGS GROUP, LLC, | ) | |
| | ) | |
| Respondents-Appellants). | ) | |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice C.A. Walker concurred in the judgment and
opinion.

**OPINION**

¶ 1    Respondents Capital Equity Land Trust #2140215 (Capital Equity Trust) and Holdings Group, LLC (Holdings Group) appeal the circuit court of Cook County's denial of their objections against the issuance of tax deeds and the issuance of tax deeds related to two real estate parcels located in Harvey, Illinois. On appeal, respondents contend that the circuit court erred in denying their objections to the issuance of tax deeds for the parcels and by finding strict compliance with section 22-40 (35 ILCS 200/22-40 (West 2018)) of the Illinois Property Tax Code (Code) when: (1) petitioner listed an incorrect, non-existent address on its required notices under section 22-5 (35 ILCS 200/22-5 (West 2018)) of the Code; (2) petitioner's section 22-5 notices identified it as the owner of the Certificates of Purchase prior to its ownership and assignment of the subject properties; (3) petitioner prepared and delivered notices that extended the redemption period which identified it as the owner of the Certificates of Purchase prior to its ownership and assignment contrary to section 21-385 (35 ILCS 200/21-385 (West 2018)) of the Code; (4) petitioner listed an incorrect, non-existent address on its notices pursuant to sections 22-10, 22-15 and 22-25 (35 ILCS 200/22-10, 22-15, and 22-25 (West 2018)) of the Code; and (5) petitioner failed to identify and serve a party with a record interest. For the reasons that follow, we affirm.

¶ 2                                    BACKGROUND

¶ 3    This case involves real estate improved with a single story commercial building located in Harvey, Illinois. The building sits on two lots with separate property index numbers: parcel 1

with a property index number (PIN) of 29-29-206-020-0000 (parcel 1) and parcel 2 with a PIN of 29-29-206-024-0000 (parcel 2).

¶ 4        The record reveals that on July 17, 2019, the Cook County Treasurer sold the parcels at a scavenger tax sale via a "no cash bid" to Cook County Land Bank (Land Bank). Certificates of purchase number 19S-0003087 for parcel 1 and 19S-0003088 for parcel 2 were issued to the Land Bank on October 28, 2019, indicating that the delinquent tax years for the parcels were 2015-2017. Subsequently on November 20, 2019, the Land Bank filed a notice of extension for both parcels, extending the redemption period to April 30, 2020. On November 26, 2019, the Land Bank filed section 22-5 take notices with the county clerk; parcel 1 was identified as having a street address of 3256 Ridge Road and parcel 2 was identified as having a street address of 17100 Halsted Street per the property's tax records. The record owner of the parcels was listed as Capital Equity Trust and the property manager was listed as Holdings Group. The record also contains an assignment of the parcels to Cook County d/b/a Cook County Land Bank Authority on December 2, 2019.

¶ 5        A second extension was filed on April 14, 2020, extending the redemption periods to November 18, 2020. On May 18 and 19, 2020, the Land Bank filed petitions for issuance of tax deeds in the circuit court of Cook County for both parcels: case number 2020 COTD 001321 related to parcel 1 and  case number 2020 COTD 001369 related to parcel 2.

¶ 6        Section 22-10 take notices for the parcels, dated May 26, 2020, were mailed to the following persons: Monty S. Boatright (Boatwright), as trustee of the Capital Equity Land Trust #2140215, at parcel 1's address; Capital Equity Trust at 17100 S. Halsted in Harvey; unknown owners and occupants at parcel 1's address; and Boatright at three additional addresses: 4653 N. Milwaukee Avenue in Chicago, 5602 N. Canfield Avenue in Chicago, and

17100 S. Halsted. The record indicates that a certificate of publication for parcel 1 from the Chicago Daily Law Bulletin was filed on June 12, 2020, which indicated that the take notice was published in the newspaper on June 8, 9 and 11, 2020, and placed on the statewide public notice website. Two affidavits from the special process server indicated that service was attempted on Boatright and unknown owners and occupants by certified mail sent to parcel 1 on June 11, 2020, and on Capital Equity Trust through the Illinois Secretary of State on June 9, 2020. The special process server attempted personal service of the take notice at 17100 S. Halsted and 3256 Ridge Road, but found that the property was vacant and boarded up. The process service did serve Boatwright personally at the Milwaukee address on May 29, 2020, and again on June 18, 2020. Notices sent to the Halsted address via certified mail were returned to petitioner with a note that the property was vacant and the mail was unable to be forwarded, while notices sent to parcel 1 were returned with a stamp indicating "no such number," "unable to forward." Receipt for notices sent to Boatwright at the Canfield and Milwaukee addresses were returned to the circuit court.[1]

¶ 7 The Land Bank's applications for tax deeds for both parcels were filed on December 21, 2020, and indicated that the name and address of the party in whose name the taxes were last assessed per the most recent tax collector's warrant books on the date notice was required by statute was Capital Equity Trust at the Halsted address. A commitment for title insurance for the parcels dated January 16, 2020, was also attached to the application, showing the owner of

---

[1] One notice was signed as "Covid 19," and the other was signed as "Cd 19."

record as Capital Equity Trust. The title report also showed that there were proceedings in case number 18 M6 3525 filed by the City of Harvey based on abandonment of the property.[2]

¶ 8        The cases were subsequently set for prove-up on January 4, 2021, via Zoom. The record indicates that notice of the hearing was sent to Boatwright and unknown owners and occupants at both parcel addresses, Capital Equity Trust and Boatwright at the Halsted address, and Boatwright at the Canfield and Milwaukee addresses. The record indicates that the matter was subsequently continued to January 21, 2021.

¶ 9        On January 21, 2021, Capital Equity Trust filed its appearance and later filed its objections to the order for tax deed on February 18, 2021, amended on April 6, 2021. Capital Equity Trust indicated that it was the owner of the parcels and argued that section 22-40 of the Code was not strictly complied with. In support of its argument, Capital Equity Trust contended that the Land Bank was not the holder of the certificates of purchase when the 22-5 take notices and notices of extension were sent out. Capital Equity Trust further argued that for parcel 1, the section 22-5 take notice was insufficient because it did not list the correct property address.

¶ 10       The Land Bank responded that it and Cook County were one and the same and that it was the holder of the certifications of purchase when the section 22-5 take notices and notices of extension were sent out. Additionally, the Land Bank stated that it had statutory authority to bid at Cook County tax sale auctions. It further responded that property location was correct based on the tax records, which was all it was required to use, and that it was the property owner's duty and obligation to correct any incorrect information that the Cook County Treasurer listed. The Land Bank argued that it was justified in relying on the County records

---

[2] The City of Harvey was subsequently named as an interested party in notices related to the Halsted address but not the Ridge Road address in the Land Bank's applications for tax deed.

and that it complied with sections 22-5, 22-10 and 22-25 especially since all of the other information in the notices was correct.

¶ 11    The circuit court heard argument on Capital Equity's objections on May 4, 2021. While acknowledging that the address was incorrect, it nonetheless ruled that section 22-5 only required the tax deed petitioner to examine the county warrant books to obtain the name and address for the last taxpayer of record. The court also ruled that Cook County and the Land Bank were one and the same, so the subsequent assignment of the certificates of purchase was just for purposes of cleaning up the name listed in the certificates of purchase. Capital Equity Trust's objections were denied.

¶ 12    On June 15, 2021, Holdings Group filed its appearance and filed its objections on July 15, 2021. Its objections were the same as those raised by Capital Equity Trust, and included exhibits showing the "correct" address for the parcels, including portions of pleadings filed by the City of Harvey in case number 18 M6 3525. The circuit court denied Holdings Group's objections for the same reasons it denied Capital Equity Trust's objections and further found that the City of Harvey was not a party entitled to receive notice in the tax deed proceeding.

¶ 13    On October 21, 2021, the circuit court entered orders directing the Cook County Clerk to issue tax deeds for the parcels to the Land Bank. Respondents filed their notices of appeal on November 18, 2021, and the cases were subsequently consolidated. On October 21, 2021, the circuit court entered orders directing the Cook County Clerk to issue tax deeds for the parcels to the Land Bank. Respondents filed their notices of appeal on November 18, 2021, and the cases were subsequently consolidated.

¶ 14                                              ANALYSIS

¶ 15        On appeal, respondents contend that the circuit court erred in denying their objections to the issuance of tax deeds for the parcels by finding strict compliance with section 22-40 (35 ILCS 200/22-40 (West 2018)) of the Illinois Property Tax Code (Code) when: (1) petitioner listed an incorrect, non-existent address on its notices required under section 22-5 (35 ILCS 200/22-5 (West 2018)) of the Code; (2) petitioner prepared and delivered notices to the Cook County Clerk in attempts to comply with section 22-5 of the Code identifying itself as the owner of the Certificates of Purchase prior to its ownership and assignment; (3) petitioner prepared and delivered notices of extension of redemption period to the Cook County Clerk identifying itself as the owner of the Certificates of Purchase prior to its ownership and assignment contrary to section 21-385 (35 ILCS 200/21-385 (West 2018)) of the Code; (4) petitioner listed an incorrect, non-existent address on its notices pursuant to sections 22-10, 22-15 and 22-25 (35 ILCS 200/22-10, 22-15, and 22-25 (West 2018)) of the Code; and (5) petitioner failed to identify and serve a party with a record interest.

¶ 16                    A. Applicable Statutory Provisions and Law

¶ 17        The Property Tax Code (Code) (35 ILCS 200/1-1 *et seq.* (West 2018)) governs the issuance of tax deeds. Pursuant to section 21-90, the county collector may offer property for public sale when a judgment has been rendered against that property for the nonpayment of real estate taxes. 35 ILCS 200/21-90 (West 2018). The buyer of property at such a sale does not receive title to the property, but, instead, receives a "certificate of purchase." 35 ILCS 200/21-250 (West 2018). The issuance of a certificate of purchase does not affect the delinquent property owner's legal or equitable title to the property. *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 428 (2010), (citing *Phoenix Bond & Indemnity Co. v. Pappas*, 194 Ill.2 d 99, 101 (2000)). Before a redemption period expires, the property owner has the opportunity to redeem the

property by paying the tax arrearage and costs. 35 ILCS 200/21-345 through 21-355 (West 2018).

¶ 18    Article 22 of the Property Tax Code (35 ILCS 200/22-5 *et seq.* (West 2018)) contains specific procedures for the issuance of a tax deed following the sale of property and the expiration of the redemption period. *In re Application of County Treasurer*, 214 Ill. 2d 253, 262 (2005). Article 22 provides, *inter alia*, for notice of the sale and of the property owner's redemption rights (35 ILCS 200/22-5 (West 2018)); notice of the expiration of the period of redemption (35 ILCS 200/22-10 (West 2018)); notice by publication (35 ILCS 200/22-20 (West 2018)); a petition by the purchaser for issuance of a tax deed (35 ILCS 200/22-30 (West 2018)); issuance (35 ILCS 200/22-40 (West 2018)) or denial of the tax deed (35 ILCS 200/22-50 (West 2018)); and an order placing the tax deed grantee in possession of the property (35 ILCS 200/22-40 (West 2018)). Before the tax purchaser is entitled to a tax deed, however, the redemption period must expire without any redemption by the property owner, and the tax purchaser must prove that he strictly complied with the requirements for certain statutory notices to the property owners, occupants, and parties interested in the property. 35 ILCS 200/22-10 through 22-25 (West 2018).

¶ 19    The legislature intended a tax deed, once issued, to be virtually incontestable except by direct appeal. *S.I. Securities*, 403 Ill. App. 3d at 429. The legislature's intent was to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired. *Id.* Section 22-75 provides that a tax deed executed by the county clerk is *prima facie* evidence that the property was subject to taxation; the taxes or special assessments were not paid; the property was advertised for sale; the property was sold for taxes or special

assessments; the sale was conducted in the manner required by law; the property was not redeemed within the time provided by law; and the grantee in the deed was the purchaser or assignee of the purchaser. 35 ILCS 200/22-75 (West 2018)) The legislature intended a tax deed, once issued, to be virtually incontestable except by direct appeal. *S.I. Securities*, 403 Ill. App. 3d at 429. The legislature's intent was to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired. *Id.* Section 22-75 provides that a tax deed executed by the county clerk is *prima facie* evidence that the property was subject to taxation; the taxes or special assessments were not paid; the property was advertised for sale; the property was sold for taxes or special assessments; the sale was conducted in the manner required by law; the property was not redeemed within the time provided by law; and the grantee in the deed was the purchaser or assignee of the purchaser. 35 ILCS 200/22-75 (West 2018)) The legislature intended a tax deed, once issued, to be virtually incontestable except by direct appeal. *S.I. Securities*, 403 Ill. App. 3d at 429. The legislature's intent was to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired. *Id.* Section 22-75 provides that a tax deed executed by the county clerk is *prima facie* evidence that the property was subject to taxation; the taxes or special assessments were not paid; the property was advertised for sale; the property was sold for taxes or special assessments; the sale was conducted in the manner required by law; the property was not redeemed within the time provided by law; and the grantee in the deed was the purchaser or assignee of the purchaser. 35 ILCS 200/22-75 (West 2018)).

¶ 20    With respect to notice and tax deeds specifically, it has been held that such notice provisions are to be rigidly enforced. *Gage v. Bani*, 141 U.S. 344, 351 (1891); *In re Application of County Collector (Dream Sites)*, 356 Ill. App. 3d 668, 670 (2005). The notice must contain every essential statutory element and if it omits even one, the deed issued pursuant to that notice will be void. *Dream Sites*, 356 Ill. App. 3d at 670. The tax buyer must strictly comply with the statutory notice requirements without regard to whether any owner, *inter alia*, was misled by the defective notice; the courts presume prejudice to the owner. *Id.* The determination of whether the notice satisfied all the statutory requirements is a question of law and we need not defer to the trial court's findings on the issue. *Id.* at 671.

¶ 21                    B. Respondents' Arguments on Appeal

¶ 22                    1. The Section 22-5 Take Notices

¶ 23    Respondents' first two issues on appeal concern what they believe to be fatal defects with the Land Bank's section 22-5 take notice for parcel 1 that resulted in less than strict compliance with the statute as required by section 22-40 of the Code. Specifically, they argue that the Land Bank was not the holder of the certificates of purchase when the take notices were sent and further that the take notice for parcel 1 included a non-existent address.

¶ 24    We begin by noting that only respondent Capital Equity Trust has standing to contest the section 22-5 take notices and not Holdings Group. Section 22-5 requires the purchaser to "serve the party in whose name the taxes are last assessed as shown by the most recent tax collector's warrant books." 35 ILCS 200/22-5 (West 2018). Additionally, challenges to a tax-sale purchaser's compliance with section 22-5 are typically brought by the delinquent taxpayer, *i.e.*, the party entitled to notice. *In re Application of Skidmore*, 2018 IL App (2d) 170369, ¶ 3. In this case, the taxpayer of record was Capital Equity Trust with Boatwright as trustee; as

property manager, Holdings Group was just an interested party who was not entitled to receive notice under the Code.[3]

¶ 25    Next, we address whether the section 22-5 notice was invalid based on respondent's argument that the Land Bank was not the holder of the certificates of purchase when the notices were sent. Respondent contends that the Land Bank did not become the holder of the certificates of purchase until the assignment was made by Cook County on December 2, 2019, which was after the November 26, 2019, take notices were sent. We disagree.

¶ 26    Strict compliance with section 22-5 is necessary in order for a purchaser to receive a tax deed. *In re Application of Skidmore*, 2018 IL App (2d) 170369, ¶ 10. Whether an action complies with the Code is a question of statutory construction. *Id.* ¶ 8. We review questions of statutory construction *de novo*. *Oswald v. Hamer*, 2018 IL 122203, ¶ 9.

¶ 27    Section 22-5 of the Code provides that in order to seek a tax deed after the tax sale, the tax purchaser must deliver a "Notice of sale and redemption rights" to the county clerk to be given to the party in whose name the taxes were last assessed. 35 ILCS 200/22-5 (West 2018); *DG Enterprises, LLC- Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶ 4. The form is included in the statute, and includes a section for completion of the property location, as well as the identity of the purchaser or assignee. The petitioner for a tax deed carries the burden of demonstrating that it complied with the Code and provided the requisite notice. *In re Application of County Treasurer and Ex Officio County Collector of Cook County (Glohry)*, 2011 IL App (1st) 101966, ¶ 44. The trend in the case law is that there cannot be strict compliance when the section 22-5 notice form contains incorrect information or fails to provide available

---

[3] This distinction between the parties for purposes of this issue is purely academic as the respondents made nearly identical objections to the issuance of the tax deeds in the circuit court.

information. See, *e.g.*, *In re County Treasurer (Equity One)*, 2013 IL App (1st) 130463, ¶ 15 (omission of the municipality, Chicago, from the property location line was fatal, even though the petitioner noted that the property was located in Hyde Park Township, Cook County, Illinois, and, in a different line, provided the PIN). In contrast, section 22-5 notice forms that provide the best information available with no incorrect information do satisfy statutory requirements. See, e.g., *In re Application of Cook County Treasurer (Mergili)*, 92 Ill. App. 3d 603, 606-07 (petitioner's notice form complied with the Code, even where he omitted the "location of the property" line, because the irregularly shaped and land-locked property had no street address and the petitioner described the location of the property with the best information available in other sections of the form, such as the legal description, PIN, and municipality). Further, typographical errors that are readily apparent from the face of the document may still allow for the notice to meet the strict-compliance standard. *Ohr v. Prairie Material Sales, Inc.*, 100 Ill. App. 3d 178, 180 (1981).

¶ 28        Respondent's claim that the Land Bank was not the holder of the certificates of purchase when the take notices were sent on November 26, 2019, is contradicted by the record. Our review of the initial certificates of purchase for the parcels reveals that they were issued to "Cook County Land Bank" on October 28, 2019. The subsequent assignment dated December 2, 2019, states that the certificates of purchase were assigned to "County of Cook, D/B/A Cook County Land Bank Authority," signed by Toni Preckwinkle, Cook County Board President. We take judicial notice that the Land Bank was formed by the Cook County Board by ordinance in January 2013, and is a unit of Cook County government, as listed on its website, www.cookcountylandbank.org/about/about-us/. See *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 44 (information on websites and in public records are

sufficiently reliable such that judicial notice may be taken); *Kopnick v. JL Woode Management Company, LLC*, 2017 IL App (1st) 152054, ¶ 26 (information on a municipality's public website is subject to judicial notice). As such, it is clear that the Cook County Land Bank referenced in the certificates of purchase is one and the same as the County of Cook, d/b/a Cook County Land Bank Authority referenced in the assignment. While we are unsure why the assignment took place when the Land Bank already held the certificates of purchase, it does not change the fact that the parties are one and the same. We therefore find no error in the circuit court's conclusion that the two parties are the same. Accordingly, the section 22-5 notices were sufficient in that respect.

¶ 29        Respondent's next argument is that the section 22-5 notice for parcel 1, PIN 29-29-206-020-0000, listed an incorrect address and therefore did not strictly comply with the statute. The certificate of purchase and all documentation filed by the Land Bank listed the property address as 3256 Ridge Road in Harvey, Illinois. Respondent, however, maintained below and maintains on appeal, that the address for both parcels is 17100 Halsted Street in Harvey. Additionally, respondent argues that the lawsuit filed by the City of Harvey identified both parcels of the property as 17100 Halsted Street.

¶ 30        In response, the Land Bank contends that the address listed in the tax records was 3256 Ridge Road, and further that it was entitled to rely on the address as listed in the tax records when completing its section 22-5 notice.

¶ 31        In this case, the Land Bank listed the address for parcel 1 as 3256 Ridge Road, Harvey, Illinois. We take judicial notice that for parcel 1, having the PIN 29-29-206-020-0000, the address is listed as 3256 Ridge Road, Harvey, Illinois on the following government websites: the Cook County Assessor, https://www.cookcountyassessor.com/pin/29292060200000; the

Cook County Clerk recordings, https://crs.cookcountyclerkil.gov/Search/ResultbyAddress?id1=29292060200000; and the Cook County Treasurer, https://cookcountytreasurer.com. In Illinois, all three agencies play a role in the collection and record-keeping functions of the taxing process. See *Bishop v. Pollution Control Board*, 235 Ill. App. 3d 925, 932 (1992); *Scott v. City of Chicago*, 2015 IL App (1st) 140570, ¶ 12. Although these cases are not tax deed cases, they do involve strict compliance with pre-suit notice provisions and a determination of what constitutes "authentic" tax records. Additionally, the record contains a title commitment for parcel 1 which further indicated that the address tied to the applicable PIN was 3256 Ridge Road. We therefore conclude that the address for parcel 1 with the PIN 29-29-206-020-0000 is 3256 Ridge Road based on the official records of those offices charged with designating such. We do so despite respondent's reliance on the address as listed in the suit filed by the City of Harvey, which is not an official designation of the property address related to the applicable PIN. Because the section 22-5 notice properly listed the address as designated in the official government records, we find that the Land Bank strictly complied with the Code.

¶ 32                    2. Notices of Extension of the Redemption Period

¶ 33        Respondents further contend that the Land Bank's notices of extension of the redemption period violated section 21-385 of the Code because the notices were sent prior to the Land Bank acquiring the certificates of purchase by assignment from Cook County. As discussed above, the Land Bank was the initial holder of the certificates of purchase, thus it held them at all relevant times the notices of extension were sent. Thus, respondents' argument is without merit.

¶ 34                                3. Incorrect Address

¶ 35    Respondents' argument that the Land Bank listed an incorrect, non-existent address on its notices pursuant to sections 22-10, 22-15 and 22-25 (35 ILCS 200/22-10, 22-15, and 22-25 (West 2018)) of the Code is also without merit based on the discussion above. The Land Bank strictly complied with the notice provisions of the Code by listing the address for parcel 1 as designated by the three government agencies responsible for maintaining the tax records for the County.

¶ 36                              4. Failure to Serve an Interested Party

¶ 37    Having rejected respondents' assertions that the notices were defective, we turn to their contention that the Land Bank failed to identify and serve a party with a record interest, namely the City of Harvey with respect to parcel 1. Respondents maintain that because the City of Harvey filed a lawsuit against the property owners in 2018 which was disclosed to the Land Bank on the title commitment issued for the subject property, the City of Harvey should have been served with notice of the tax deed proceedings as a party with a record interest. Respondents also note that the City of Harvey was listed as a party with a record interest as to one of the parcels but not the other.

¶ 38    Respondents argue that by not serving the take notices on the City of Harvey, the Land Bank failed to strictly comply with the Code. Respondents are correct that under Illinois law, a tax deed petitioner must exercise due diligence to locate and notify parties interested in the property. 35 ILCS 200/22-10 (West 2018). As noted above, the Code's requirements are mandatory, and satisfaction of the requirements is a condition precedent to the proper issuance of a tax deed. *In re Ward*, 311 Ill. App. 3d 314, 319 (1999). The petitioner for a tax deed has the burden of persuading a court that it complied with the Code and provided the appropriate notice. *Id*.

¶ 39    This court has previously held that a tax purchaser has failed to act with minimal diligence if he has not made reasonable efforts to notify all persons whose interest may reasonably be inferred from the public records regarding the property's ownership. *Id*.; *In re Application of the County Treasurer (HomeSide)*, 347 Ill. App. 3d 769, 777 (2004); *Payne v. Williams*, 91 Ill. App. 3d 336-341-42 (1980). Moreover, a party who has certain rights under the Code is an interested party entitled to notice, even where those rights do not include the right to redeem. *In re County Treasurer and ex officio County Collector of Lake County (Muskat)*, 403 Ill. App. 3d 985, 991 (2010). The Code defines "nonownership interest" as "any interest in real property other than a contingent interest and other than an ownership interest as defined in this Section, including without limitation a mortgage, equitable mortgage or other interest in the nature of a mortgage, leasehold, easement, or lien." 35 ILCS 200/21-285 (West 2018). Additionally, this court has defined "recorded interest" to mean an interest that can be inferred from public records, while distinguishing other recorded interest from recorded ownership. *In re Application of Douglas County Treasurer*, 2014 IL App (4th) 130261, ¶ 32 (citing *HomeSide*, 347 Ill. App. 3d at 778).

¶ 40    We disagree, however, with respondents' contention that the City of Harvey had a recorded interest in the property. Respondents have not cited, nor have we found, any caselaw to support their theory that a *lis pendens* filed by a municipality is a recorded interest in property. *Lis pendens* means pending suit. *Taylor v. Lanahan*, 73 Ill. App. 3d 829, 831 (1979). The purpose of the *lis pendens* doctrine "has always been the avoidance of endless litigation of property rights precipitated by transfers of interest." *Id.* This end has been achieved by conclusively binding one who obtains an interest in the real property of a party during the pendency of a suit affecting it to the result of that litigation as if he had been a party to it from the outset. *Id.*

It bears mentioning that the suit filed by the City of Harvey was against the property owners for building code violations at the property. However, while the case was pending when the tax sale notice and the tax deed petition were filed, there was no judgment entered in the case that would serve as a lien attached to the property that would entitle the city to notice under section 22-10.

¶ 41       Our research indicates that the designation of "interested parties" for purposes of determining whether notice was required under the Code has been previously applied to the following: subsequent tax certificate purchasers of property (*In re Application of County Collector (Scott)*, 391 Ill. App. 3d 656, 662 (2009)); mortgagees and mortgage servicers of property (*Glohry*, 2011 IL App (1st) 101966, ¶¶ 49-52); heirs to property by virtue of a will and probate proceedings (*Muskat*, 403 Ill. App. 3d at 991); and land trust beneficiaries whose names were ascertainable from the public records (*In re Application of the County Treasurer & ex officio County Collector of Cook County for Order of Judgment and Sale Against Real Estate Returned Delinquent for the Year 1985*, 216 Ill. App. 3d 162, 171 (1991)); and contract purchasers of property (*In re Cook County Treasurer*, 185 Ill. 2d 428, 437 (1998)).

¶ 42       None of those circumstances are present here. Respondent has not cited, nor have we found, any caselaw that suggests that a municipality with a pending action for building code violations against owners of real property takes an interest in the property prior to the entry of a judgment lien against the property. Our supreme court has previously determined that those without interests or liens are not 'interested in the real estate' within the meaning of the provisions requiring personal notice in tax deed proceedings. See *In re English's Estate*, 24 Ill. 2d 357, 358-59 (1962) (administrator and creditors of a decedent are not interested persons for purposes of the tax deed provisions).We therefore find that the City of Harvey does not have

an interest in the property as shown in the public records that entitled them to receive notice under section 22-10. Accordingly, we find that the Land Bank strictly complied with the notice provisions of section 22-10.

¶ 43                                                    CONCLUSION

¶ 44        In conclusion, we find that the Land Bank strictly complied with the statutory notice requirements under the Code when it was the holder of the certificates of purchase, when all notices were sent to the required parties, and when it utilized the property address as denoted by the government agencies responsible for tax records. The judgment of the circuit court of Cook County is affirmed.

¶ 45        Affirmed.