2023 IL App (1st) 221366

FIRST DISTRICT
THIRD DIVISION
June 28, 2023

No. 1-22-1366

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, For Order of Judgment and Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for the Year 2016, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | No. 2020 COTD 003133 |
| (Midwestern Investors, LLC, | ) ) | |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | |
| Ae Sook Hwang, | ) ) | |
| | ) | Honorable |
| Respondent-Appellant). | ) ) | Patrick T. Stanton, Judge Presiding. |

PRESIDING JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Reyes and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from the trial court's order, denying respondent Ae Sook Hwang's petition, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)), to set aside a tax deed issued to petitioner Midwestern Investors, LLC (Midwestern). Under the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2020)), if a property owner fails to pay property taxes, the county tax collector may offer the property for sale. *Id.* § 21-190. After the sale, the property owner has a right to redeem the property (*id.* § 21-345) within a specified period (*id.* § 21-350) by paying the delinquent taxes plus an accrued statutory penalty (*id.* § 21-75(b)). Prior to the end of the redemption period, the purchaser of the property may file a petition

for the issuance of a tax deed, with notice to be given to all owners and occupants of the subject property. *Id.* § 22-30. Hwang argues on appeal that the trial court erred in denying her 2-1401 motion because Midwestern failed to provide the requisite proof of service that it had notified Hwang in compliance with the relevant provisions of the Property Tax Code for the issuance of a tax deed.

¶ 2    During the pendency of the appeal, an unrelated third party contracted to purchase the subject property, and Midwestern filed a motion to dismiss the appeal as moot. The motion was taken with this case, and Hwang did not file a response. For the reasons that follow, we find that this court lacks the ability to grant the relief requested by Hwang and we dismiss this appeal as moot.

¶ 3    Hwang's statement of facts in her brief fails to adhere to Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020), which requires the statement of facts in appellate briefs "contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." The statement of facts fails to provide any citation to the record and consists of a single paragraph of facts. Thus, the following is our recitation of the facts as necessary for our decision.

¶ 4    Hwang was the owner of the subject property, a three-story, six unit apartment building located at 3606 Salem Walk in Northbrook, Illinois. Hwang failed to pay the property taxes for 2016. On May 4, 2018, Midwestern purchased the delinquent taxes at an annual sale and was issued a certificate of purchase. In September 2020, Midwestern filed a petition for a tax deed for the subject property. The petition stated that the redemption period would expire on March 25, 2021.

¶ 5      On March 23, 2021, Hwang filed a petition for relief under Chapter 13 of Title 11 of the United States Code (11 U.S.C. §§ 1301 to 1330 (2018)), triggering an automatic stay and preventing Midwestern from proceeding on its petition. On September 8, 2021, the bankruptcy court confirmed Hwang's Chapter 13 repayment plan, which provided that Hwang would make payments on her debts over a period of 60 months. Midwestern had objected to the confirmation, and an agreed order was entered between Hwang and Midwestern. In the event that Hwang failed to make two timely installment payments, the stay would be terminated as to Midwestern. In February 2022, the bankruptcy trustee filed a motion to dismiss for failure to make payments and the stay was lifted.

¶ 6      In March 2022, Midwestern filed its amended application for a tax deed. On June 10, 2022, the trial court entered an order directing the issuance of a tax deed to Midwestern. On the same day, Midwestern filed a motion for an order of possession of the subject property.

¶ 7      On July 7, 2022, Hwang entered her appearance in the proceedings and filed a motion to vacate the order directing the issuance of a tax deed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). In her motion, Hwang asserted that Midwestern failed to send proper notice under multiple sections of the Property Tax Code (35 ILCS 200/22-5, 22-10, 22-25 (West 2020)). On July 27, 2022, Midwestern filed a motion to dismiss Hwang's 2-1401 petition. On August 8, 2022, finding that the 2-1401 petition lacked merit, the trial court granted Midwestern's motion to dismiss with prejudice. The record also included five eviction unit affidavits from the Cook County Sheriff's Office, dated October 26, 2022. Each affidavit corresponded to a different unit at the subject property and stated that each unit was cleared with the eviction complete. A "no trespass" sticker was placed on each door.

¶ 8      This appeal follows. Hwang filed a timely notice of appeal on September 8, 2022.

¶ 9	In this court, Hwang argues that Midwestern failed to strictly comply with the notice requirements under section 22-10 of the Property Tax Code (*id.* § 22-10). Specifically, Hwang contends that Midwestern failed to provide proof of service for its attempts at both personal service and service via certified mail.

¶ 10	Below, we briefly discuss the relevant provisions of the Property Tax Code related to the issuance of tax deeds. The primary purpose of the tax deed system is to coerce tax delinquent property owners to pay their taxes, not to assist others in depriving the true owners of their property. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 10. The Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2020)) governs the issuance of tax deeds. Pursuant to section 21-90, the county collector may offer property for public sale when a judgment has been rendered against that property for the nonpayment of real estate taxes. *Id.* § 21-90. The buyer of property at such a sale does not receive title to the property but, instead, receives a "certificate of purchase." *Id.* § 21-250. "The issuance of a certificate of purchase does not affect the delinquent property owner's legal or equitable title to the property." *In re Application of the County Treasurer & ex officio County Collector*, 2022 IL App (1st) 211511, ¶ 17 (*Capital Equity*) (citing *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 428 (2010)). As mentioned above, before a redemption period expires, the property owner has the opportunity to redeem the property by paying the tax arrearage and costs. *Id.* (citing 35 ILCS 200/21-345 to 21-355 (West 2018)).

¶ 11	Article 22 of the Property Tax Code (35 ILCS 200/art. 22 (West 2020)) details the specific procedures for issuing a tax deed following the sale of property and the expiration of the redemption period. *Capital* Equity, 2022 IL App (1st) 211511, ¶ 18.

"Article 22 provides, *inter alia*, for notice of the sale and of the property owner's

redemption rights (35 ILCS 200/22-5 (West 2018)), notice of the expiration of the period of redemption (*id.* § 22-10), notice by publication (*id.* § 22-20), a petition by the purchaser for issuance of a tax deed (*id.* § 22-30), issuance (*id.* § 22-40) or denial of the tax deed (*id.* § 22-50), and an order placing the tax deed grantee in possession of the property (*id.* § 22-40). Before the tax purchaser is entitled to a tax deed, "the redemption period must expire without any redemption by the property owner, and the tax purchaser must prove that he strictly complied with the requirements for certain statutory notices to the property owners, occupants, and parties interested in the property." *Id.* (citing 35 ILCS 200/22-10 to 22-25 (West 2018)).

¶ 12    "The legislature intended a tax deed, once issued, to be virtually incontestable except by direct appeal." *Id.* ¶ 19. "The legislature's intent was to provide a tax buyer with a new and independent title, free and clear from all previous titles and claims of every kind, and assurance to the tax buyer that his title and rights to the property would be unimpaired." *Id.*

¶ 13    In Midwestern's motion to dismiss, it argues this appeal is moot because an unrelated third party has acquired an interest in the subject property. Because we find this dispositive, we address the motion first.

¶ 14    "An appeal is moot when it involves no actual controversy or the reviewing court cannot grant the complaining party effectual relief." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001). An appeal is moot when the property at issue has already been conveyed to a third party and the party seeking possession failed to obtain a stay. *Northbrook Bank & Trust Co. v. 2120 Division LLC*, 2015 IL App (1st) 133426, ¶ 3; see also *Steinbrecher*, 197 Ill. 2d at 532. The failure to obtain a stay pending appeal, standing alone, does not make an issue moot. *In re*

*Tekela*, 202 Ill. 2d 282, 292 (2002). However, when an intervening event makes it impossible for a reviewing court to grant relief to any party, the case is rendered moot because an appellate ruling on the issue cannot have any practical legal effect on the controversy. *Id.* at 292-93.

¶ 15    Absent a stay of judgment pending appeal, Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) protects third-party purchasers of property from appellate reversals or modifications of judgments regarding the property. *Steinbrecher*, 197 Ill. 2d at 523.[1] Illinois Supreme Court Rule 305(k) (eff. July 1, 2017) provides, in relevant part:

> "If a stay is not perfected within the time for filing the notice of appeal ***, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed."

¶ 16    Rule 305(k) requires

> "(1) the property passed pursuant to a final judgment; (2) the right, title and interest of the property passed to a person or entity who is not part of the proceeding; and (3) the litigating party failed to perfect [a] stay of judgment within the time allowed for filing a notice of appeal." *Steinbrecher*, 197 Ill. 2d at 523-24.

See also *Deutsche Bank National Trust Co. v. Roman*, 2019 IL App (1st) 171296, ¶ 23.

---

[1] At that time, the language of Rule 305(k) was designated as Rule 305(j). We refer to the current subsection for clarity.

¶ 17    In *Steinbrecher*, the plaintiff filed a partition action, seeking to partition property left to him and two siblings. The trial court concluded that partition was inequitable and ordered the property sold. *Steinbrecher*, 197 Ill. 2d at 517. The trial court entered a final order confirming the sale to the highest bidder, a nonparty. One of the siblings moved to vacate the sale confirmation and to stay the judgment; both motions were denied by the trial court. *Id.* at 519. The sibling refused to vacate the subject property, and the buyer was allowed to intervene to enforce its right to possession. Eventually, the buyer took possession of the property. *Id.* The sibling filed a notice of appeal, but never filed a motion to stay the judgment in the appellate court. The appellate court found the case was not moot because the buyer's intervention made it a party to the action, barring the application of Rule 305(k) and, thus, the appellate court vacated the sale. *Id.* at 519-20.

¶ 18    The supreme court reversed the appellate court and held that the sibling's appeal was moot under Rule 305(k). *Id.* at 522. The *Steinbrecher* court found all three requirements to the rule protecting nonparty purchasers to have been satisfied. The court specifically held that the buyer's intervention to enforce possession did not make it a party; rather, the rule designates a nonparty status at the time of the judgment and sale. *Id.* at 525. "Stripping the protection of Rule 305[(k)] because of subsequent efforts by a party to secure exclusive possession of the property would render an absurd result." *Id.* at 526. The court explained as follows.

> "Such a holding would deny recourse to parties who in good faith purchase property pursuant to a judicial sale, but are unable to secure right to possession and use of that property. This outcome would force parties to choose court intervention, and lose the protection of Rule 305[(k)], or engage in self-help to secure possession." *Id.*

¶ 19    The supreme court further reasoned that public policy supported its finding.

> "Public policy of this state supports our conclusion. Illinois law protects the integrity and finality of property sales, including judicial sales. [Citations.] Indeed, it extends this protection to purchasers who without notice at the time of the purchase buy in good faith. This finality and permanence is relied on by both purchasers and others in connection with the purchase of the property ***. Absent this policy, no person would purchase real property involved in a judicial proceeding, if afterwards he incurred the hazard of losing the property due to facts unknown to him at the time of the sale. A party may avoid the harshness of this rule by complying with the procedural mechanisms available, such as a motion to stay enforcement of the judgment and sale." *Id.* at 528-29.

¶ 20    Turning back to Midwestern's motion to dismiss, Midwestern stated that on June 23, 2022, it conveyed the subject property to a related entity, AAA Real Estate Management, LLC (AAA Real Estate), in a quitclaim deed. On February 7, 2023, AAA Real Estate sold the property to Beverly Bank & Trust Company, N.A. (Beverly Bank), and executed a mortgage and assignment of rents for a loan amount of $80,000. The mortgage and the assignment of rents were recorded on March 8, 2023. Midwestern supported these claims with a certification from Ari Cohen. Cohen certified that he was a manager for Midwestern and AAA Real Estate. Further, he stated that Beverly Bank "has no affiliation to either" Midwestern or AAA Real Estate and "was not a party to this proceeding." Midwestern also attached a recorded copy of the mortgage and assignment of rents, reflecting the conveyance of the subject property from AAA Real Estate to Beverly Bank on February 7, 2023.

¶ 21    All three requirements for Rule 305(k) have been satisfied. First, the subject property passed pursuant to a final judgment. Midwestern's motion to dismiss Hwang's 2-1401 petition was granted with prejudice in August 2022. Midwestern conveyed the property to AAA Real Estate, a related entity. AAA Real Estate subsequently sold the subject property Beverly Bank, and a mortgage and assignment of deeds was recorded in Cook County. Second, Beverly Bank has never been a party to the proceedings. Third, Hwang failed to seek a stay of judgment. Accordingly, Beverly Bank is entitled to protection of its purchase of the subject property under Rule 305(k). Since the property is in the possession of a nonparty, this court cannot grant effectual relief to Hwang and renders the appeal moot.

¶ 22    Based on the foregoing reasons, we dismiss this appeal as moot.

¶ 23    Appeal dismissed.

***In re Application of the County Treasurer & ex officio County Collector of Cook County,***
**2023 IL App (1st) 221366**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2020-COTD-003133; the Hon. Patrick T. Stanton, Judge, presiding. |
| **Attorneys for Appellant:** | David Ratowitz, of Ratowitz Law Group, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | John W. Stanko Jr. and Andrew J.F. Clesen, of Stanko McCarthy Law Group, Ltd., of Chicago, for appellee. |